[No. 2805–2.   Division Two.   January 27, 1978.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES WAYNE JETER, *Respondent*.

*Curtis M. Janhunen, Prosecuting Attorney,* for petitioner.

*Gordon Godfrey,* for respondent.

PEARSON, C.J.—This case presents the issue of whether a defendant in a habitual criminal proceeding may present evidence to the trier of fact regarding his addiction to drugs and lack of opportunity for treatment as a defense to the charge. We hold that he may not and reverse the trial court's order permitting the defendant to introduce such evidence.

James Jeter was convicted of possession of heroin on October 30, 1976. Subsequently, on November 4, the Grays Harbor County Prosecutor filed a supplemental information accusing Jeter of being a habitual criminal. RCW 9.92-.090. The information alleged that Jeter had been convicted of first–degree forgery in Yakima County in 1964, and possession of heroin in Grays Harbor County in 1974.

The matter came on for hearing on February 24, 1977. The State moved to exclude proffered evidence of Jeter's alleged drug addiction and lack of opportunity for treatment or rehabilitation. The trial court denied the motion. In a memorandum opinion, the court stated that

the state must bring forth evidence sufficient to support a conviction; this is the burden the state must carry in any criminal case. But this is not to say that a defendant is precluded from presenting evidence from which the jury might find that he is not, in fact, an habitual criminal, but a drug addict.

After the motion was denied, the jury was· discharged, with the defendant agreeing to waive his double jeopardy rights while the State sought discretionary review by this court. Discretionary review was accepted by order of the court commissioner on April 25, 1977. RAP 2.3(b). The

commissioner's order stated that "it appears the trial court's ruling is a pioneering departure from 'the accepted and usual course of judicial proceedings.'"

■ It bears repeating that "being an habitual criminal is a status and not a crime". *State v. Tatum*, 61 Wn.2d 576, 578, 379 P.2d 372 (1963). The scope of the trial on habitual criminal charges is narrowly confined by RCW 9.92.090. Two elements must be proven to place the defendant in the status of being a habitual criminal: (1) the requisite number of prior, valid convictions, and (2) the identity of the defendant as the person who was the subject of those convictions. *State v. Furth*, 5 Wn.2d 1, 10, 104 P.2d 925 (1940).

The jury's sole function is to determine whether the State has proved the statutory elements beyond a reasonable doubt. *State v. Bryant*, 73 Wn.2d 168, 437 P.2d 398 (1968). The only defense which is permitted is a challenge to the fact of prior conviction or identity. Prior cases have made it clear that a defendant cannot have habitual criminal charges dismissed because he is an alcoholic or drug addict. *State v. Starrish*, 86 Wn.2d 200, 544 P.2d 1 (1975); *State v. Barnett*, 17 Wn. App. 53, 561 P.2d 234 (1977). The reasoning behind these cases is that the status of being a drug addict or an alcoholic is not inconsistent with the status of being a habitual criminal. Extending that reasoning, we can see no reason the State, which has the power to make possession of heroin a crime, cannot enhance the punishment of one who is found to be possessing heroin repeatedly, even if he might be a drug addict. *See Robinson v. California*, 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962).

Jeter also contends that he should be able to argue to the jury that he was not afforded drug treatment while in the state penitentiary. At the time he was imprisoned, RCW 69.32.090 was still in effect. *Bresolin v. Morris*, 86 Wn.2d 241, 543 P.2d 325 (1975), held that, under that statute, a convict had a right to drug treatment. Jeter claims that the denial of the statutory right to drug treatment was a denial of the opportunity for reform. Because an opportunity for

reform is required before a person can be adjudged a habitual criminal, *see, e.g., State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 P. 784 (1926); *State v. Jones,* 138 Wash. 110, 244 P. 395 (1926); *State v. Le Pitre,* 54 Wash. 166, 103 P. 27 (1909), Jeter concludes that he cannot be convicted under RCW 9.92.090.

■ Jeter has misconstrued the *Le Pitre, Jones,* and *Huneke* line of cases. The statement that there must be an opportunity for reform means only that the act which led to the habitual criminal charge must have occurred since the prior conviction(s). That is, the defendant will be found to be a habitual criminal if there was an opportunity, however brief, for the prior conviction to have some deterring effect. If the act leading to the habitual criminal charge was committed simultaneously with or prior to the previous conviction(s), then there has been no opportunity for reform. No case has said that the State must reform the defendant; he need only be given time in which to reform. Any rights defendant may have had under *Bresolin v. Morris, supra,* have no bearing on his habitual criminal trial because he has been given an opportunity to reform. *See also State v. Starrish, supra.* In *Starrish,* the defendant had not been afforded treatment for alcoholism as required by statute. Nevertheless, the Supreme Court held that the trial court abused its discretion in dismissing a habitual criminal charge against Starrish. The court noted that inability to raise the issue of individual characteristics in a habitual criminal proceeding illustrated a possible deficiency in the statute, but any change in the law would require legislative action. *State v. Starrish,* 86 Wn.2d 200, 206–07 n.11, 544 P.2d 1, 5 n.11 (1975).

The order denying the State's motion to exclude evidence of James Jeter's alleged addiction to drugs and lack of

opportunity for rehabilitation is reversed and the case remanded to the Superior Court for trial.

PETRIE and REED, JJ., concur.

Reconsideration denied March 1, 1978.

Review denied by Supreme Court July 21, 1978.