[No. 5850–1.   Division One.   July 13, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN
WILLIAM COOPER, *Appellant*.

*Peter Berzins*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt* and *Philip Y. Killien, Deputies,* for respondent.

SWANSON, J.—Steven William Cooper appeals a habitual criminal conviction, contending the habitual criminal statute, RCW 9.92.090, as construed and applied, deprives him of liberty without due process of law and in violation of his right to equal protection. We disagree and affirm.

Appellant was convicted of second–degree burglary on April 13, 1977. A supplemental information filed April 19, 1977, charged him with being a habitual criminal.[1] At trial on June 22, 1977, appellant was held to be a habitual criminal and was sentenced accordingly.

The issues in this appeal are based upon the standards of the King County Prosecuting Attorney defining when to charge an individual under the habitual criminal statute. In brief, these standards provide that a habitual criminal allegation be made where an individual with the requisite two prior constitutionally valid felony convictions is charged with a "high impact" crime (such as residential burglary, the charge against appellant). If, however, the current charge is an "expedited crime" (possession of marijuana, for example), a habitual criminal charge will not be filed. For crimes other than high impact and expedited crimes, a habitual criminal charge may be filed after evaluation of a particular case and individual, including input from the defense. The standards include a procedure permitting exceptions to each of these guidelines.[2]

---

[1]RCW 9.92.090, the habitual criminal statute, provides in part:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

[2]Thus, the procedure for filing a habitual criminal allegation is not automatic. Section 1054 of the King County Prosecuting Standards reads:

(1) When allowed: Exceptions to these standards may be made in any case but must be made pursuant to the following method.

Cooper first contends the standards described above do not conform to those previously approved by the court in *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976), because the *Lee* standards permitted input regarding a potential habitual criminal charge in *all* cases. Cooper argues that the present standards effect an "automatic" habitual criminal charge with all high–impact category crimes. He concludes the absence of an opportunity for input renders the procedure violative of due process.

■ This argument is not convincing. First, the present standards do provide for input from the defense in the form of a written request for an exception, and are therefore not automatic. Further, the court in *Lee* at page 934 quoted approvingly language indicating that no due process deprivation occurs for lack of input into the prosecutor's decision–making procedure.

> Defendant also contends he was deprived of liberty without due process of law because he was not provided with an opportunity to be heard at the prosecutor's meeting where the decision to file a habitual criminal information is made. We disagree. A defendant suffers no "deprivation" as a consequence of the prosecutor's decision to allege habitual criminal status. His deprivation occurs only when and if the prosecutor proves the allegation at trial, where the defendant is afforded the full range of due process protections.

*State v. Anderson,* 12 Wn. App. 171, 174, 528 P.2d 1003 (1974); *see State v. Clark,* 18 Wn. App. 831, 572 P.2d 734 (1977).

Cooper next argues that the *Lee* court held the habitual criminal statute to be a proper delegation of legislative

---

(2) Method: Any exception, and the specific reason therefor must be described in writing and approved by the prosecuting attorney, the chief criminal deputy or at least two deputies who have plea bargaining authority.

Further, section 1320(c) provides:

(1) Upon being assigned a case for habitual criminal evaluation the deputy shall immediately contact the defense attorney and advise him that:

. . .

(c) . . . any material or information which the defense attorney believes relevant will be considered if submitted.

authority *so long as* the prosecutor bases his decision to prosecute solely on his ability to prove the charge. Because the present standards rely upon the type of crime involved, he argues, they are an unconstitutional usurpation of legislative authority.

■ The language referred to in *Lee* follows:

Initially, appellant claims the habitual criminal statute is an unconstitutional delegation of legislative authority. RCW 9.92.090 is not a delegation of the legislature's power to determine appropriate punishment for criminal violations. The statute merely vests the prosecution with the power to charge a person with the status of a habitual criminal. The prosecution must prove its allegations beyond a reasonable doubt. Implicit within the statute is a reasonable standard to govern the prosecuting attorney's *exercise of discretion to initiate these proceedings.* The decision to prosecute must be based on the prosecutor's ability to meet the proof required by the statute.

(Italics ours.) *State v. Lee, supra* at 933–34. Cooper incorrectly infers from the above that because a prosecutor is to prosecute only when he believes he can prove his charge, he *must* prosecute if he can so prove. The *discretion* of the prosecutor noted in *Lee,* however, consistently has been held to permit the prosecutor room to choose not to file charges for reasons other than his ability to establish guilt. The Supreme Court of the United States recently reiterated this concept.

[R]equiring the Government to make charging decisions immediately upon assembling evidence sufficient to establish guilt would preclude the Government from giving full consideration to the desirability of not prosecuting in particular cases. The decision to file criminal charges, with the awesome consequences it entails, requires consideration of a wide range of factors in addition to the strength of the Government's case, in order to determine whether prosecution would be in the public interest. Prosecutors often need more information than

proof of a suspect's guilt, therefore, before deciding whether to seek an indictment.

(Footnote omitted.) *United States v. Lovasco,* 431 U.S. 783, 794, 52 L. Ed. 2d 752, 761, 97 S Ct. 2044 (1977). This court, too, has recently approved the idea as applied to habitual criminal proceedings.

> For reasons too obvious to require discussion, legitimate interests of the State require that the prosecution must be afforded wide discretion as to the filing of criminal charges. The decision of when and whom to charge for what alleged crime necessarily requires the exercise of prosecutorial discretion. Our Supreme Court has consistently held that this statutory grant of discretionary power is not unconstitutional. *State v. Lee, supra.*
>
> The appellant contends that the habitual criminal statute [RCW 9.92.090] is unconstitutional, in that the prosecuting attorney is not therein required to file an habitual criminal charge against all individuals who have been three times convicted; that is, that he has the power to elect to charge some individuals falling within that category, and not to charge others. But, under the information system, the equivalent criticism may be made of all criminal statutes. Furthermore, the question raised is one of policy, not of constitutionality.

*State v. West,* 197 Wash. 595, 603, 86 P.2d 192 (1939).

*State v. Clark,* 18 Wn. App. 831, 836–37, 572 P.2d 734 (1977.)

Finally, Cooper contends that the selective enforcement of the habitual criminal statute promulgated by the standards herein constitutes a violation of the Fourteenth Amendment equal protection clause. Such claim has been dealt with at length before and is not well taken. *See State v. Lee, supra; State v. Jacobsen,* 78 Wn.2d 491, 477 P.2d 1 (1970); *State v. Nixon,* 10 Wn. App. 355, 517 P.2d 212 (1974).

Affirmed.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied August 30, 1978.

Review denied by Supreme Court February 2, 1979.