[No. 3538–2.   Division Two.   December 18, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS
GENE THORNTON, *Appellant.*

*Leslie J. Wildman* of *Seattle–King County Public Defender Association,* for appellant.

*Frederick L. Yeatts,* for respondent.

SOULE, J.—Curtis Gene Thornton, sometimes known as Curtis Gene Gardner, has appealed the judgment of the trial court which declared him a habitual criminal pursuant to RCW 9.92.090.[1] On December 22, 1977, defendant was convicted of first–degree robbery. The State subsequently filed a supplemental information charging defendant with being a habitual criminal based upon two prior felony convictions: taking a motor vehicle without permission in 1966 and second–degree assault in 1972. Three issues are raised on appeal: (1) Are the habitual criminal standards used by the King County prosecutor an improper exercise of legislative power and violative of due process and equal protection? (2) Was defendant's plea of guilty to the 1966 offense invalid, and thus was it error to use it in later enhancement proceedings? (3) Did the trial court err in refusing to submit defendant's proposed jury instructions concerning the State's burden of proof and the validity of the 1966 guilty plea to the jury? We find no error in the habitual criminal proceedings and affirm the finding of the trial court that defendant is a habitual criminal.

Defendant first challenges the constitutionality of the habitual criminal standards used by the King County prosecutor. He argues initially that they are an improper exercise of legislative power. We disagree. RCW 9.92.090 grants the prosecuting attorney power to charge a criminal defendant having two prior felony convictions with habitual

---

[1]RCW 9.92.090 provides in pertinent part:

"Every person convicted in this state . . . of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony . . . shall be punished by imprisonment in the state penitentiary for life."

criminal status. This statute is not an improper delegation of legislative power to determine punishment since implicit in the statute are reasonable standards to govern the prosecutor's use of discretion to initiate habitual criminal proceedings. *State v. Lee,* 87 Wn.2d 932, 933–34, 558 P.2d 236 (1976); *State v. Cooper,* 20 Wn. App. 659, 662, 583 P.2d 1225 (1978).

Defendant next argues that the standards used by the King County prosecutor to determine when to file habitual criminal proceedings violate equal protection and due process. The King County prosecutor uses the following criteria to select persons with two prior felony convictions for habitual criminal prosecution: if the present crime is a "high impact crime" (crimes of violence such as murder and high degrees of manslaughter, rape and robbery), habitual criminal proceedings are automatically instituted. If the present crime is an "expedited crime" (such as thefts of less than $500 and possession of small amounts of narcotics), habitual criminal proceedings ordinarily will not be filed. If the present crime fits neither category, an evaluation of the particular case is made and habitual criminal proceedings may be subject to plea bargaining. Since defendant's present crime was first–degree robbery, a high impact crime, habitual criminal proceedings were automatically instituted under the prosecutor's standards. Defendant argues that these standards denied him due process and equal protection. We disagree and affirm the constitutionality of these standards.

The discretionary power of the prosecuting attorney to initiate habitual criminal proceedings violates due process and equal protection only if the prosecutor's standards have no reasonable justification or are motivated by an intent to discriminate against a particular class of offenders on the basis of race, religion or other arbitrary classification. *State v. Lee, supra* at 935–37; *State v. Thompson,* 16 Wn. App. 883, 559 P.2d 1370 (1977); *State v. Thomas,* 16 Wn. App. 1, 15, 553 P.2d 1357 (1976); *State v. Nixon,* 10 Wn. App. 355, 359, 517 P.2d 212 (1973). Defendant does

not allege that the King County prosecutor uses such impermissible categories to select persons for habitual criminal prosecution. Rather than having no reasonable justification, the King County standards appear directly related to a policy of deterring crimes of violence. Further, these exact standards have been recently upheld as constitutional. *State v. Cooper, supra.*

Defendant next assigns error to the refusal of the trial court to dismiss the habitual criminal proceedings on the basis that his 1966 plea of guilty to taking a motor vehicle was invalid and thus may not be used in a later enhancement proceeding. Defendant correctly points out that a prior conviction obtained in violation of a substantial constitutional right, such as the right to be represented by counsel, may not be used to enhance punishment for a subsequent crime. *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); *Haislip v. Morris,* 84 Wn.2d 106, 524 P.2d 405 (1974). We find, however, that defendant's 1966 plea of guilty was constitutionally valid and thus qualifies as a prior felony conviction for purposes of a subsequent habitual criminal proceeding.

The record of the 1966 plea hearing demonstrates that defendant was represented by counsel and that he made a knowing and voluntary waiver of his constitutional right to jury trial. Defendant urges that this plea is invalid since the trial court did not advise him of the maximum possible sentence at the time that he entered his plea of guilty as is now required by CrR 4.2. We find this argument to be without merit. The 1966 plea meets the constitutional requirements set forth by the United States Supreme Court 3 years later in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969),[2] in that the trial court made

---

[2] We note that at present the rule of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), need not be applied to guilty pleas entered prior to its effective date. *State v. Mitchell,* 2 Wn. App. 943, 948, 472 P.2d 629 (1970); *Miller v. Rhay,* 1 Wn. App. 1010, 1011–12, 466 P.2d 179 (1970). However, in the case before us the plea entered by defendant in 1966 does meet the constitutional requirements set forth in *Boykin.*

direct inquiry of the defendant as to whether or not he made the guilty plea voluntarily in an atmosphere free of coercion and that he understood the constitutional rights being waived. *See also Wood v. Morris,* 87 Wn.2d 501, 506, 554 P.2d 1032 (1976); *State v. Rinier,* 23 Wn. App. 102, 105–06, 595 P.2d 43 (1979).

In 1966 neither the constitution nor court rules required that a criminal defendant be advised of the maximum possible sentence before entering a guilty plea. *See Lutton v. Smith,* 8 Wn. App. 822, 825, 509 P.2d 58 (1973). This was not required until 1977, 11 years after defendant pleaded guilty to the 1966 offense. *In re Vensel,* 88 Wn.2d 552, 564 P.2d 326 (1977). In *Vensel* our Supreme Court declared that *henceforth* CrR 4.2 required that the accused be advised of the maximum sentence for the offense but specifically held this rule to have prospective application only. *In re Vensel, supra* at 555. Further, the requirement that a criminal defendant be advised of the full consequences of his guilty plea is mandated by CrR 4.2 rather than by the state or federal constitutions. *In re Vensel, supra* at 554. *See also Wood v. Morris, supra* at 511–14. Therefore, defendant may not collaterally attack his plea of guilty to the earlier offense. *United States v. Timmreck,* 441 U.S. 780, 60 L. Ed. 2d 634, 99 S. Ct. 2085 (1979).[3] Since the 1966 plea was valid at the time it was entered, we hold that it qualifies as a prior conviction for purposes of subsequent habitual criminal proceedings.

Finally, defendant assigns error to the failure of the trial court to give various proposed instructions in the habitual criminal proceedings. Since defendant did not set out the

---

[3]The continuing vitality of the holding in *State v. Boyd,* 21 Wn. App. 465, 478–79, 586 P.2d 878 (1978), *review granted,* 92 Wn.2d 1029 (1979), that a prior guilty plea is subject to collateral attack in a later habitual criminal proceeding on the basis that the plea was entered without full knowledge of the sentencing consequences has come into question in view of the later decision of the United States Supreme Court in *United States v. Timmreck,* 441 U.S. 780, 60 L. Ed. 2d 634, 99 S. Ct. 2085 (1979). *Compare with Henderson v. Morgan,* 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976) (holding that a guilty plea found to be deficient on constitutional grounds is subject to collateral attack).

text of the proposed instructions in his brief as required by RAP 10.4(c), we need not address this assignment of error. *E.g., Tamburello v. Department of Labor & Indus.,* 14 Wn. App. 827, 545 P.2d 570 (1976); *Hampton v. Carlson,* 6 Wn. App. 390, 492 P.2d 1385 (1972). However, we hold that it was not error to refuse them.

In proposed instruction No. 6,[4] defendant asked the trial court to instruct the jury that two prior valid convictions must be proven by the State. This instruction was properly refused since this principle was adequately explained in the court's instruction No. 6.[5] If an existing instruction properly states the law, the trial court may refuse to give a proposed additional instruction on the same subject matter. *E.g., Tyler v. Tyler,* 65 Wn.2d 102, 106, 395 P.2d 1021, 6 A.L.R.3d 764 (1964).

Defendant also assigns error to the refusal of the trial court to give his proposed instruction No. 7,[6] that a conviction is valid only if defendant was represented by counsel

---

[4]Defendant's proposed instruction No. 6 reads as follows:

"The defendant's plea of not guilty to the charge of being an habitual criminal raises these issues:

"First, are there two previous valid felony convictions; and second, was the defendant the subject of those convictions.

"If you have a reasonable doubt as to either of these issues you must find the defendant not guilty of being an habitual criminal."

[5]The court's instruction No. 6 provides in pertinent part:

"In order for you to find that the defendant is an habitual criminal, the State must prove to you beyond a reasonable doubt that the defendant has been previously convicted of the following two felonies:

"(1) On or about the 2nd day of September, 1966, in the Superior Court of the State of Washington for King County, the defendant was convicted of the crime of Taking and Riding in Motor Vehicles Without Permission of Owner.

"(2) On or about the 24th day of October, 1972, in the Superior Court of the State of Washington for King County, the defendant was convicted of the crime of Assault in the Second Degree.

"If you find from the evidence admitted in this case that the State has proven to you beyond a reasonable doubt that the defendant has been previously twice convicted, then it will be your duty to return a verdict declaring . . . that the defendant is an habitual criminal as charged in the Supplemental Information."

[6]Defendant's proposed instruction No. 7 reads as follows:

in the prior proceeding, and proposed instructions Nos. 8, 9, and 10[7] which state that an involuntary guilty plea is void and that a guilty plea entered without defendant being advised of the maximum sentence is void. We find that the trial court did not err in refusing to give these proposed instructions.

▪ In the habitual criminal phase of the proceeding, the sole function of a jury is to determine whether the defendant has been convicted of two prior felonies. *State v. Bryant*, 73 Wn.2d 168, 437 P.2d 398 (1968); *State v. Jeter*, 19 Wn. App. 151, 574 P.2d 1193 (1978). The status of a prior conviction as a felony is a question of law for the court, not a question of fact for the jury. *State v. Lei*, 59 Wn.2d 1, 365 P.2d 609 (1961).

Likewise, the question of the constitutional validity of a prior conviction is a question of law for the court, not a question of fact for the jury because, before such a conviction can be properly admitted for the consideration of the jury, the court must first determine that the record of a prior conviction is sufficient to show that the defendant was represented by counsel at all critical stages. *Cf. State v. Thompson*, 16 Wn. App. 883, 559 P.2d 1370 (1977); *State v. Montague*, 10 Wn. App. 911, 521 P.2d 64 (1974). Once the

---

"A conviction is valid only when a person has been represented by an attorney at all critical stages of the proceedings against him."

[7]The defendant's proposed instructions Nos. 8, 9, and 10 read as follows:

[8] "A conviction pursuant to an involuntary plea of guilty is void and cannot be used as a prior conviction for purposes of an habitual criminal finding.

"To be voluntary, a plea of guilty must be freely, unequivocally, intelligently and understandingly made in open court by the accused person with full knowledge of his legal and constitutional rights and of the consequences of his act."

[9] "A plea made without knowledge of the maximum term of imprisonment provided for by law for the crime charged is made without full knowledge of the consequences and is involuntary."

[10] "Where the transcript of the proceeding at the time of a plea of guilty was entered does not indicate that the defendant was advised of the maximum term of imprisonment provided by law for the crime charged, then the burden is on the State to show by clear and convincing evidence that the defendant was so advised at some time prior to entry of the plea."

presence of counsel is established by the record, it is not necessary to further buttress initial admissibility by additional proof that the plea of guilty was voluntary. *State v. Malone,* 20 Wn. App. 712, 582 P.2d 883 (1978); *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978). Further, in this case defendant's exhibit 67, being the transcript of proceedings in King County cause No. 44595 wherein defendant was sentenced on the 1966 charge, affirmatively discloses that the trial judge fully explored the voluntariness of the plea within the requirements of the constitutional principles then in force and leaves no doubt that the plea was voluntary in fact as well as in law.

The finding of the trial court that defendant is a habitual criminal is affirmed.

REED, A.C.J., and PETRIE, J., concur.

Reconsideration denied January 9, 1980.

Remanded by Supreme Court to Court of Appeals March 21, 1980.