[No. 8875-1-I. Division One. August 31, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT L. COLLINS, *Appellant.*

*Lewis H. Nomura of Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Joanne Maida, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction for four counts of possession of stolen property in the first degree, and one count of possession of stolen property in the second degree.

On December 11, 1978, the defendant was arrested on suspicion of auto theft. Based on that arrest, he was charged with taking and riding in a motor vehicle without permission of the owner on January 12, 1979. A warrant for his arrest was issued but he was not arrested on this warrant until October 12, 1979, while being detained for possession of a stolen motor vehicle. The charge for possession of stolen property was never filed. Defendant pleaded guilty to the January 12 charge and was given a deferred sentence.

Between March and September 1979, the defendant sold several stolen vehicles to a police sting operation. Based on these sales, he was arrested for possession of stolen property on January 28, 1980. He moved to dismiss based on CrR 4.3 (joinder) and CrR 3.3 (speedy trial), and his motion was denied.

It is the defendant's contention that if the prosecutor has sufficient evidence of and probable cause to charge a defendant with related offenses at the time of charging him with an earlier offense, yet chooses to prosecute only the earlier offense, the defendant may not later be prosecuted for the later related offenses. Defendant relies upon CrR 4.3(c)(3) which states that

> A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

■ This rule requires dismissal in a limited set of circumstances and does not apply to the facts of this case. The earlier and later offenses did not involve conduct of "the same or similar character." *State v. Dailey,* 18 Wn. App. 525, 569 P.2d 1215 (1977). The crimes are distinct legally as well as factually, the only similarity being that they involve motor vehicles. Joyriding does not require the intent to permanently deprive the owner of his property, as does possession of stolen property. Therefore under these facts, the offenses are not "related", requiring mandatory joinder under CrR 4.3(c). Further, the defendant was not "tried" for the earlier offense. He stipulated to facts sufficient to find him guilty and under CrR 4.3(c)(4) entry of a guilty plea to one offense does not bar prosecution of a

subsequent related offense.

■ The defendant next argues that the CrR 3.3 speedy trial clock began to run on the stolen property charges when he was arraigned on the earlier charge in 1979. It was made clear in *State v. Erickson,* 22 Wn. App. 38, 44, 587 P.2d 613 (1978), that when multiple offenses bear an intimate relationship to each other or arise out of the same criminal episode or transaction, there can be only one triggering date for calculating the time for trial for all the offenses. *See also State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978). Clearly the two charges in this case are unrelated.

The *Erickson* court held that the State must commence prosecution of a criminal defendant on charges related to or ancillary to previously charged offenses at the time the State has probable cause, not proof beyond a reasonable doubt, of the defendant's guilt. However, the charges in this case are not connected, and it is firmly established that a prosecutor has wide discretion to charge or not to charge a suspect. *State v. Lee,* 87 Wn.2d 932, 933–34, 558 P.2d 236 (1976), *appeal dismissed,* 432 U.S. 901, 53 L. Ed. 2d 1074, 97 S. Ct. 2943 (1977); *State v. Pettitt,* 93 Wn.2d 288, 294, 609 P.2d 1364 (1980).

> The decision to file criminal charges, with the awesome consequences it entails, requires consideration of a wide range of factors in addition to the strength of the Government's case, in order to determine whether prosecution would be in the public interest. Prosecutors often need more information than proof of a suspect's guilt, therefore, before deciding whether to seek an indictment.

(Footnote omitted.) *United States v. Lovasco,* 431 U.S. 783, 794, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977), quoted in *State v. Cooper,* 20 Wn. App. 659, 662–63, 583 P.2d 1225 (1978).

Affirmed.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied September 22 and 29, 1981.