**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Cao Tri NGUYEN, Defendant–Appellant.**

**No. 93CA1162.**

Colorado Court of Appeals,
Div. II.

June 1, 1995.

Rehearing Denied June 29, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Russell S. Ray, Boulder, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Cao Tri Nguyen, was convicted of one count of attempted manslaughter and three counts of second degree assault for his role as a driver of a car in a drive-by shooting. He was also adjudged to be an habitual criminal based on two prior felony convictions from the State of Louisiana, one for accessory after the fact to armed robbery in 1991 and one for criminal trespass in 1988. The defendant appeals only his adjudication as an habitual criminal based upon the 1988 criminal trespass conviction. We reverse the defendant's adjudication as an habitual criminal and remand for resentencing.

At the time of the defendant's adjudication as an habitual criminal, the relevant statute provided in pertinent part as follows:

> Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony or, *under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state,* would be a felony shall be adjudged an habitual criminal and shall be punished by confinement in a correctional facility for a term of not less than twenty-five years nor more than fifty years.

Section 16–13–101(1), C.R.S. (1986 Repl.Vol. 8A) (emphasis added).

The Louisiana criminal trespass statute upon which the predicate conviction is premised provided:

A. No person shall without authorization intentionally enter any structure, water craft, or movable.

B. No person shall intentionally enter immovable property owned by another:

(1) when he knows his entry is unauthorized, or

(2) under circumstances where he reasonably should know his entry is unauthorized.

La.Rev.Stat.Ann. § 14:63 (West 1986).

In 1988, the penalty for a violation of La. Rev.Stat.Ann. § 14:63 was imprisonment for a period of not more that ninety-one days, a fine of not more than five hundred dollars, or both. The parties agree that the Louisiana conviction for criminal trespass was a misdemeanor in Louisiana.

■ Colorado, then and now, categorized the crime of criminal trespass into three degrees with only first degree criminal trespass being punishable as a felony.

First degree criminal trespass was defined as:

A person commits the crime of first degree criminal trespass if he knowingly and unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value.

Section 18–4–502, C.R.S. (1986 Repl.Vol. 8A).

Second degree criminal trespass was defined as follows:

A person commits the crime of second degree criminal trespass if he unlawfully enters or remains in or upon premises which are enclosed in a manner designed to exclude intruders or are fenced or if he knowingly and unlawfully enters or remains in or upon the premises of a hotel, motel, condominium, or apartment building.

Section 18–4–503, C.R.S. (1986 Repl.Vol. 8B).

Third degree criminal trespass was defined as:

A person commits the crime of third degree criminal trespass if he unlawfully enters or remains in or upon premises.

Section 18–4–504, C.R.S. (1986 Repl.Vol. 8B).

As pertinent to the circumstances at issue here, the material distinction between first degree criminal trespass and second and third degree criminal trespass is that first degree criminal trespass must be to a dwelling. *See People v. Marshall*, 196 Colo. 381, 586 P.2d 41 (1978). The term "dwelling" is defined by statute as "a building which is used, intended to be used, *or is usually used*

by a person for habitation." Section 18–1–901(3)(g), C.R.S. (1986 Repl.Vol. 8B) (emphasis added).

■ Hence, in order for the defendant's Louisiana misdemeanor conviction for criminal trespass to be a predicate felony conviction in Colorado for habitual criminal purposes, it must be the equivalent to first degree criminal trespass, or other felony, in Colorado. Whether such is the case presents an issue of first impression with respect to this application of § 16–13–101(1).

At trial, the prosecution introduced the following documents relating to the Louisiana conviction for criminal trespass: a photograph of the defendant; an Arrest Register–Fingerprint Copy certified by the New Orleans Police Department and an Arrest Record–Magistrate or Municipal Court Copy certified by the Criminal District Court of the Parish of Orleans both of which contain a brief conclusionary statement that the defendant was found trespassing in an apartment; a bill of information charging the defendant and others with possession of an unregistered sawed-off shotgun; the Docket Master of the Orleans Parish Criminal District Court tracing the progress of the criminal proceedings, including some minute orders; a police incident report certified by the New Orleans Police Department not naming the defendant but containing brief conclusionary statements concerning a criminal trespass to an apartment; and a copy of Louisiana Revised Statute 14:63 in effect February 2, 1988, certified by the Louisiana Secretary of State.

The bill of information was amended by interlineation as follows: "Amended to 14:63 as to defendants ... Cao Tri Nguyen...." and was signed and dated by the prosecuting attorney. The Docket Master contains a minute order dated February 2, 1988, evidencing that the defendant, with others, pled guilty, acceptance of the plea by the court, and the sentence. The bill of information is not accompanied by any affidavit setting forth any factual basis for the original or amended charge; and no transcript of the Louisiana providency hearing was included stating a factual basis for the plea.

To supplement this evidence, the prosecution called two witnesses both of whom testified before the jury. The first witness was the New Orleans arresting officer who identified the defendant and testified concerning the circumstances of the arrest and that the criminal trespass charge related to an apartment. The second witness was the prosecuting attorney from Louisiana. This witness, who was admitted to practice in Louisiana, but not Colorado, identified the defendant and was then accepted as an expert witness in "the field of criminal law as it's narrowly concerned with criminal trespass" and was permitted to express the opinion that the trespass crime committed in Louisiana would be a felony if committed in Colorado. It is not clear from the record the scope of the witness' inquiry, but it appears that he took into account the conduct of the defendant which led to the conviction in Louisiana in reaching his opinion.

On this evidence the trial court submitted the issue to the jury, and the conviction at issue here resulted.

## I.

■ We first address the issue whether the determination that the Louisiana misdemeanor conviction would have been a felony in Colorado is a question of law addressed to the court or a question of fact which may properly be submitted to a jury. The issue is raised by implication by the defendant who objected to the qualification of the expert and to the opinion testimony of the expert before the jury. The People concede that the expert should not have been permitted to testify before the jury and argue that the issue is one of law addressed to the court subject to *de novo* review on appeal. We agree with both parties.

■ If an out-of-state conviction was a felony in the state of conviction, it may be used in Colorado as a predicate felony under our habitual criminal statute. *See* § 16–13–101(1); *People v. Drake*, 785 P.2d 1257 (Colo. 1990); *Hahn v. People*, 126 Colo. 451, 251 P.2d 316 (1952). This remains true even if the out-of-state conviction would have been a misdemeanor in Colorado. *See People v. Renfrow*, 199 Colo. 101, 605 P.2d 915 (1980);

*Burns v. People*, 148 Colo. 245, 365 P.2d 698 (1961). Therefore, the only time a review of the classification of a foreign conviction is required is when the foreign conviction was a misdemeanor in the foreign state and is being offered as a predicate felony for an habitual criminal charge in Colorado. That is the circumstance here.

Colorado cases, while not directly addressing the issue before us, have indicated that the question of whether a prior conviction is a felony is a question of law. *See People v. Chambers*, —— P.2d —— (Colo.App. No. 92CA0868, November 3, 1994) (question of whether previous offense is properly classified as a felony is a question of law and not one of fact); *People v. Hampton*, 857 P.2d 441, 445 (Colo.App.1992), *aff'd*, 876 P.2d 1236 (Colo.1994) ("classification of a defendant's offense is a question of law"); *People v. Wieghard*, 709 P.2d 81, 83 (Colo.App.1985) (not necessary that "the state prove that [habitual criminal counts] would be felonies in Colorado, as it is a matter of law of which the court may take notice"); *People v. Swain*, 43 Colo.App. 343, 344–45, 607 P.2d 396, 397 (1979) (because "Colorado courts must take judicial notice of law of every other state and federal jurisdiction ... explicit proof that the crime alleged was a felony where committed is not required except when requested by the court").

Colorado's apparent position is in accord with other jurisdictions which have addressed our issue directly. *See State v. Spoonmore*, 323 N.W.2d 202 (Iowa 1982) (question of law); *Griffin v. State*, 275 Ind. 107, 415 N.E.2d 60 (1981) (whether offense is felony is purely question of legislative categorization; not a question of fact for jury but matter of law); *State v. Thornton*, 24 Wash. App. 881, 604 P.2d 1004 (1979) (status of prior conviction is one of law; trial court properly refused jury instruction on issue); *People v. Dacey*, 166 Misc. 827, 3 N.Y.S.2d 156 (1938) (all questions pertaining to prior conviction, except question as to the identity of the present defendant, were for the court); *but see State v. Shank*, 115 Ohio App. 291, 185 N.E.2d 63 (1962) (jury should have been instructed as to operative elements of Ohio offense in effect at the time New York of-

fense was committed to determine whether New York offense would have been felony).

■ The jury here was instructed to determine whether the prosecution had proven beyond a reasonable doubt that the defendant's Louisiana conviction for criminal trespass was a crime "which if committed within the State of Colorado would be a felony," and we recognize that such instruction followed the pattern jury instruction. *See COLJI–Crim.* No. 27:17 (1983). However, as noted above, the pattern instruction fails to distinguish between the respective obligations of the court and the jury. In our view, except for the determination of identity which is properly submitted to the jury for determination, all other questions related to the habitual criminal charge are for the court. *See State v. Thornton, supra; People v. Dacey, supra.*

We conclude that the question of whether a predicate conviction is a felony is a question of law addressed to the court, not the jury.

## II.

■ A corollary issue to the ruling above is the permissible scope of the inquiry a court may undertake in determining whether a misdemeanor conviction in a foreign state was for a crime which would have been a felony if committed in Colorado.

At the outset, we note that our habitual criminal statute uses the phrase, "*of a crime* which, if committed within this state, would be a felony...." Section 16–13–101(1) (emphasis added). It is significant, in our view, that the statute speaks in terms of a *crime* and not *conduct.* Also of significance is the principle that criminal statutes, including the habitual criminal statute, are to be strictly and narrowly construed in favor of the accused. *People v. Nees,* 200 Colo. 392, 615 P.2d 690 (1980).

Our habitual criminal statute is similar to the habitual criminal statute of the State of New York except that the New York courts must make the inquiry addressed here in every instance. A leading and early New York case addressing the permissible scope of the inquiry is *People v. Olah,* 300 N.Y. 96,

89 N.E.2d 329 (1949), in which the defendant was charged as an habitual criminal based in part upon a New Jersey larceny conviction. In New Jersey, larceny was a felony if the amount involved was $20 or more; and in New York, larceny was a felony if the value of the stolen property was $100 or more. The indictment in New Jersey specified the amount of stolen property was valued at $200.

In setting aside the habitual criminal conviction, the New York Court of Appeals stated:

> The circumstance that Olah pleaded guilty to an indictment which recited that the items stolen were worth over $200 is entirely immaterial insofar as [the statute] is concerned. It is the statute upon which the indictment was drawn that necessarily defines and measures the crime. There is a difference between the 'crime' of which a defendant was convicted and the 'evidence' relied upon to establish that crime. And, by the same token, there is a difference between the 'crime' of which he was convicted and the 'act' which he may have committed. In other words, the crime, i.e., the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment or by evidence at the trial. Expressed somewhat differently, facts not specified in the statute upon which the indictment is based may not be rendered material or operative by merely stating them in the indictment....
>
> ....
>
> A [habitual criminal] statute must be construed and applied as it is written by the Legislature, not as some judges may believe it should have been written.... As it now reads, [the statute] does not provide that a defendant should be treated as a second felony offender if he did something in another State which might furnish the basis for a felony prosecution in New York or—relating the problem to larceny cases—if he stole an amount which might justify a prosecution for grand larceny in this State. The Legislature, if it is so minded, may amend the statute and make

a defendant's second or fourth offender status depend upon some other criterion than the 'crime' of which he was convicted, but, until the Legislature does so, the prosecutors and the courts in this State must consider and look only to that 'crime.'

*People v. Olah,* 300 N.Y. at 98–99, 102, 89 N.E.2d at 330, 332.

The New York court clarified and applied *Olah* in *People v. Jackson,* 5 N.Y.2d 243, 183 N.Y.S.2d 799, 157 N.E.2d 169 (1959). In *Jackson,* the defendant was convicted as an habitual criminal based on a previous conviction of burglary in Florida. The Florida burglary statute defined two separate and distinct methods for committing the offense, one of which was a felony in New York and one of which was a misdemeanor in New York.

In order to resolve the issue, the New York court expanded the inquiry to include the charging document, stating:

> The rationale of Olah does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. The intent and spirit of the Olah rule require that the courts of New York abstain from considering the surplusage contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not *operative* or *material* under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York. (emphasis added)

*People v. Jackson,* 5 N.Y.2d at 245, 183 N.Y.S.2d at 800, 157 N.E.2d at 170; *see also People v. Gonzalez,* 61 N.Y.2d 586, 475 N.Y.S.2d 358, 463 N.E.2d 1210 (1984); *People v. Denno,* 9 N.Y.2d 138, 211 N.Y.S.2d 403, 172 N.E.2d 663 (1961).

Both Oregon and California have adopted the rationale and holding of *Olah. See State v. Grinolds,* 223 Or. 68, 353 P.2d 851 (1960); *People v. Crowson,* 33 Cal.3d 623, 190 Cal. Rptr. 165, 660 P.2d 389 (1983).

In *Crowson,* the California Supreme Court held that sentence enhancement is permissible only when the elements of the foreign crime include all of the elements of the California felony. The California conspiracy statute required an overt act in furtherance of the conspiracy. While the federal conspiracy statute upon which the predicate felony was based had no such requirement, the federal charging document alleged that overt acts were committed in furtherance of the federal conspiracy. The court specifically rejected a line of intermediate appellate decisions permitting inquiry into the conduct and, citing *Olah,* also rejected review of the charging document.

With respect to the latter, the court stated:

> In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding ... and the United States Supreme Court has noted that a guilty plea is simply an admission of 'all of the elements of a formal criminal charge.' ... If proof of an overt act was not required to sustain a conviction under the federal statute, neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading.

*People v. Crowson,* 33 Cal.3d at 634, 190 Cal.Rptr. at 172, 660 P.2d at 396. The California courts have expanded the inquiry beyond that announced in *Crowson* when considering a voter initiated sentence enhancing statute which, in some instances, describes conduct and not a specific "crime." *People v. Myers,* 5 Cal.4th 1193, 22 Cal.Rptr.2d 911, 858 P.2d 301 (1993) (inquiry limited to record of conviction to ascertain whether burglary was "burglary of a residence," as there was no defined crime of "burglary of a residence").

Our search has failed to disclose any authority for the proposition that the court may, as was done here, inquire into the foreign conduct to ascertain whether it would constitute a felony if committed in this state. Indeed, all of the appellate courts considering that option have rejected it. The basis of

the rejection is that such a review could lead to a trial of the foreign matter in the habitual criminal phase at a time and place far removed from the site of the crime. By way of example, under the circumstances of *Olah*, the prosecutor would have had to show the actual value of the goods stolen in New Jersey for the court to determine if their value would make the theft a felony in New York. Similar issues would arise with respect to statutes making possession of different quantities of an illegal substance a felony and the foreign conviction related to the lesser amount.

We are cognizant that a division of this court, in *Busch v. Gunter*, 870 P.2d 586 (Colo. App.1993), concluded that the Department of Corrections, for the purpose of determining parole eligibility, could look to the underlying conduct giving rise to a foreign conviction to ascertain whether the foreign conviction was for an offense that would have been a crime of violence if committed in Colorado. However, the parole context of that holding makes it distinguishable from the situation here.

■ We adopt the "New York Rule" announced in *Olah* as modified in *Jackson* and hold that the inquiry as to whether a foreign predicate misdemeanor conviction would have been a felony in Colorado is limited to a comparison of the statutes. However, in those instances in which a violation of the foreign statute may occur as a result of more than one act or course of conduct one or more of which would constitute a felony in Colorado and others of which would not constitute a felony if committed in Colorado, the court may also examine the operative and material allegations of the charging document.

### III.

■ With these principles in mind, we address the dispositive issue whether the Louisiana misdemeanor criminal trespass conviction can be used as a predicate felony conviction under the Colorado habitual criminal statute. We conclude that it may not.

It is apparent that La.Rev.Stat.Ann. § 14:63 is designed to cover an unauthorized entry into all, or almost all, classifications of property. Colorado, on the other hand, classifies criminal trespass as a misdemeanor as to all classes or types of property except a dwelling, in which event criminal trespass is a felony. Hence, the Louisiana statute renders criminal several acts which, if committed in Colorado, would in some cases be a felony and in others a misdemeanor or lesser offense. Therefore, we cannot determine from a direct comparison of the statutes whether a conviction under the Louisiana criminal trespass statute was for a crime which would have been a felony if committed in Colorado and, therefore, an appropriate predicate felony in Colorado for habitual criminal purposes.

Turning our attention to the amended bill of information, we note that it is silent as to the nature of the premises trespassed upon or, for that matter, as to the elements of the offense charged and admitted by the entry of a plea of guilty. We further note that had the bill of information stated the elements of criminal trespass and further alleged that the criminal trespass was to an apartment, or dwelling, such an allegation would have been surplusage and of no benefit in resolving the issue before us.

Therefore, based on a comparison of the pertinent statutes and the charging document for the Louisiana criminal trespass offense, we are unable to determine whether the Louisiana criminal trespass offense would have been a felony if committed in Colorado. Accordingly, that conviction cannot properly be used as a basis for an habitual criminal adjudication.

Because one of the two counts on which the defendant's adjudication as an habitual criminal was based is deficient, the defendant's adjudication as an habitual criminal cannot stand.

In light of our resolution above, we need not address the defendant's remaining contentions of error.

The habitual criminal adjudication is reversed and the cause is remanded for resentencing on the substantive offenses of at-

tempted manslaughter and three counts of second degree assault.

CRISWELL and BRIGGS, JJ., concur.