[No. 1890-2. Division Two. January 24, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. GINGER L. LAROQUE, *Appellant*.

*J. Benedict Zderic,* for appellant.

*Donald F. Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

JOHNSON, J.*—This is an appeal from an order revoking a deferred sentence which had been granted to the appellant, Ginger LaRoque. To understand the questions raised, it is necessary to relate a brief statement of the facts.

---

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

At the time the court granted the deferred sentence, a program for rehabilitation was set up at defendant's request, known as the "Colville Plan." It provided that she should live on the Colville Indian Reservation under the direction of the Chief Probation Officer, and receive individual counseling, G.E.D. program schooling, job training, methadone treatment, and supervision. When it developed that there was no methadone treatment on the reservation, defendant was sent to a local hospital for detoxification—a 21-day program designed to gradually reduce her heroin addiction to the point that she would no longer rely on drugs. This treatment failed because after a short period she abandoned it. Subsequently she went to Colville, where arrangements had been made for her, but after about 6 days, she returned to Tacoma and the next day was brought to the hospital because of an overdose of drugs. Thereafter she became engaged in a series of incidents of bizarre behavior and again had to enter the hospital because of an overdose of drugs. She was very uncooperative and failed to follow the directions of her probation officer or fulfill any of the conditions of probation.

After a hearing, at which the defendant was present and represented by counsel, the court found that defendant had violated the terms of her probation and entered an order revoking the deferred sentence and committing her to an institution.

The issues raised by the defendant can be summarized as follows:

1. The court abused its discretion in revoking the deferred sentence.

2. The court abused its discretion in imposing the conditions of probation.

3. The commitment to an institution was unlawful under article 1, section 14 of the Washington State Constitution, as well as the eighth amendment to the United States Constitution.

4. The conditions imposed by the court are contrary to the current view now held by the State of Washington,

which is to prefer treatment rather than impose criminal sanctions.

We find no error and therefore affirm.

1. The decision to revoke a deferred sentence rests in the sound discretion of the trial court. All that is required is that evidence and facts be such as to reasonably satisfy the court that the defendant has breached a condition for which she was granted the deferred sentence. *State v. Kuhn*, 81 Wn.2d 648, 503 P.2d 1061 (1972); *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968); *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962); *State v. Smith*, 13 Wn. App. 859, 539 P.2d 101 (1975). In this case there was sufficient evidence warranting the trial court's conclusion that defendant violated the terms of probation. We will not substitute our discretion for that of the sentencing judge.

2. The granting of a deferred sentence and the conditions attached are matters within the discretion of the trial court. RCW 9.95.200. *State ex rel. Woodhouse v. Dore*, 69 Wn.2d 64, 416 P.2d 670 (1966); *State v. Farmer*, 39 Wn.2d 675, 237 P.2d 734 (1951); *State v. Birdwell*, 6 Wn. App. 284, 492 P.2d 249 (1972).

Discretionary abuse may exist only where it can be said that no reasonable man would take the view adopted by the court. *State v. Birdwell, supra.* We find no abuse of discretion here.

3. In this case the defendant was not convicted of being a narcotic addict, but was convicted of the unlawful possession of heroin.

Punishment imposed upon a particular person, even though harsh, is not necessarily unconstitutionally cruel and unusual punishment. A recognized test is whether, in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness. *State v. Gibson*, 16 Wn. App. 119, 553 P.2d 131 (1976); *State v. Rose*, 7 Wn. App. 176, 498 P.2d 897 (1972). The punishment in this case,

imprisonment, was neither uncommon for the offense involved nor unduly severe.

■ 4. The defendant cites no cases in support of this assignment of error, however, the Ninth Federal Circuit Court has addressed this question and has held that "one who becomes addicted to narcotics does not have a fundamental right to rehabilitation at public expense." *Marshall v. Parker*, 470 F.2d 34 (9th Cir. 1972), *aff'd sub nom. Marshall v. United States*, 414 U.S. 417, 38 L. Ed. 2d 618, 94 S. Ct. 700 (1974).

The court in this case tried to assist the defendant to rehabilitate herself. The program failed because of her lack of cooperation.

Judgment is affirmed.

REED, A.C.J., and HAMILTON, J. Pro Tem., concur.