[No. 4273–1. Division One. March 7, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD O'DELL BARNETT, *Appellant.*

*Graham, Cohen & Wampold, Thomas S. Wampold, Rombauer, Ginsberg & Jaffe,* and *Thomas E. Jaffe,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Charles S. Hamilton III, Deputy,* for respondent.

JAMES, J.—Donald O'Dell Barnett was found guilty by a jury of robbery while armed with a deadly weapon. This was his third conviction for a robbery offense since 1970. He was subsequently adjudged to be a habitual criminal. Barnett appeals from the trial judge's denial of his motion to dismiss the supplemental information charging him with having attained the status of habitual criminal. We affirm.

Barnett contends that the prosecutor acted arbitrarily by filing the supplemental information charging him with having attained the status of a habitual criminal and that the trial judge manifestly abused his discretion by failing to dismiss the supplemental information in the furtherance of justice pursuant to CrR 8.3(b). The basis of this appeal is Barnett's claim that his motivation for committing crimes is directly attributable to the fact that he is a heroin addict. He steals to support his habit. He argues that under law he is a person with a disease and not a criminal. He claims that he has been an addict since before the first robbery

and that the State did nothing to rehabilitate him while he was in prison. He claims, in fact, to have continued to obtain and to use heroin while he was in jail. He reasons that a drug addict, as a sick person for whom the State has done nothing of a curative nature, is not a habitual criminal. We do not agree.

In *Robinson v. California,* 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962), the United States Supreme Court held that drug addiction is an illness and that punishment is not an appropriate or permissible social response. However, while the law does not criminalize the status of drug addiction, society can utilize punishment to protect itself from those who commit crimes to support their addiction to the use of narcotic drugs.

Once a person has been convicted of a crime and sentenced to a term of imprisonment, that person has no fundamental right to rehabilitative treatment at public expense for psychological dependency on drugs. *Bresolin v. Morris,* 88 Wn.2d 167, 558 P.2d 1350 (1977). By reason of the legislature's repeal of RCW 69.32.090,[1] the duty to establish and maintain a drug treatment and rehabilitation program imposed on the Secretary of the Department of Social and Health Services is merely discretionary. The decision to not establish and maintain such a program does not deprive a prisoner of his liberty without due process of law, does not deny him equal protection of the law, and does not constitute cruel and unusual punishment. *Bresolin v. Morris, supra.*

RCW 9.92.090 provides in pertinent part that every person convicted in this state of a felony who has two prior felony convictions shall be punished by imprisonment in the state penitentiary for life. Barnett clearly qualifies as a habitual criminal notwithstanding the fact that he may be a heroin addict. Since there is no fundamental right or statutory right to treatment for drug dependency, we hold that the single fact that Barnett may be or is a heroin addict

---

[1] RCW 69.32.090 was repealed by Laws of 1975, 2d Ex. Sess., ch. 103, § 3.

whom the State has not attempted to rehabilitate is not sufficient to establish that the prosecutor acted arbitrarily by charging him with having attained the status of habitual criminal.

In *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975), the court held that the trial judge abused discretion by dismissing under CrR 8.3(b) a supplemental information charging Starrish as a habitual criminal simply because Starrish was an alcoholic. The court further held that the prosecutor's decision to file the charge did not constitute arbitrary action or governmental misconduct which would warrant dismissal of the charge by the trial judge in the furtherance of justice. Drug addiction, like alcoholism, is a disease.

We hold that the trial judge did not abuse discretion in refusing to dismiss the supplemental information.

During oral argument on appeal, counsel for Barnett for the first time argued that the sentencing judge should have exercised discretion to suspend Barnett's life sentence. *See State v. Gibson,* 16 Wn. App. 119, 553 P.2d 131 (1976). Inasmuch as this argument was not raised during the sentencing hearing, we hold that it is waived.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.