[No. 2207–3.   Division Three.   April 20, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. DELORES LUMLEY, *Appellant*.

*Wade E. Gano*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kip B. Kendrick, Deputy*, for respondent.

GREEN, J.—Defendant, Delores Lumley, appeals her probation modification.

Upon defendant's guilty plea to malicious destruction of property, the trial court entered a deferred sentence with a 3–year probationary period. Approximately a year later, the prosecutor filed a petition to modify defendant's probation, alleging five probation violations. Following a hearing on the petition, the court declined to follow the prosecutor's recommendation in the prayer of the petition, *i.e.*, that the defendant be continued on probation but be required to

spend five successive weekends in jail. When defense counsel expressed concern as to the propriety of imposing a penalty greater than the prayer of the petition, the court directed the prosecutor to file an amended petition requesting revocation and continued the matter.

The prosecutor subsequently filed a second petition alleging the same five violations, but this time, the prayer requested revocation. Approximately a month and a half later, a hearing was held at which time defense counsel claimed the filing of the second petition constituted a violation of the double jeopardy prohibition. This contention was rejected by the court, whereupon counsel stipulated that the court need not take additional testimony but could utilize the testimony presented at the first hearing. The court did not revoke defendant's probation, but rather modified it so as to require the defendant, among other things, to serve 60 days in the Yakima County Jail.

There is one issue: Did the filing of the second petition constitute a violation of defendant's right not to be placed in double jeopardy? We answer in the negative.

Defendant makes no claim that the petition failed to give her adequate notice of the specific conduct alleged to be in violation of her probation. On the issue of whether there was a violation, she was accorded a full hearing as required by *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), and was found in violation. *See* RCW 9.95.220; *Standlee v. Smith*, 83 Wn.2d 405, 518 P.2d 721 (1974); *State v. Kuhn*, 81 Wn.2d 648, 503 P.2d 1061 (1972). Under RCW 9.95.230:

> The court shall have authority at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; . . .

*See also* RCW 9.95.220. In modifying the probation, the court acted within the discretion accorded by the statute. *State v. Kuhn, supra* at 650.

Petitioner's claim that the court could not exceed the prayer of the petition by a prosecuting attorney derogates

from the authority reposed in the court by statute. Thus, it is apparent that the prayer of a petition must be held to be merely a recommendation by the prosecutor and nothing more. Considered in this light, the trial court's direction to file an amended petition seeking revocation of the probation was unnecessary. Consequently, assuming arguendo that double jeopardy applies, it was not violated in this case.

Petitioner having been represented by counsel throughout and having been accorded all of her rights to due process, the order of modification is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.