[No. 8317–1–I.   Division One.   June 1, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ROSS LEROY JOHNSON, *Appellant.*

*Hoof, Shucklin & Harris* and *Philip Shucklin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Douglas Whalley, Deputy,* for respondent.

DURHAM, J.—Appellant Ross LeRoy Johnson appeals the revocation of his probation and the imposition of the deferred sentence.

Johnson pleaded guilty to the crime of robbery on August 2, 1976. The court deferred imposition of sentence for 4 years and placed Johnson on probation, on condition

he commit no law violations and that he complete a drug abuse treatment program. Prior to July 1979, Johnson violated the terms of his probation on four separate occasions. Revocation hearings were held following each violation, and probation was modified each time to place Johnson in an appropriate treatment program.

Johnson's fifth probation violation occurred July 26, 1979 and a revocation hearing was held on December 14, 1979. Defense counsel recommended a 6–month term in the King County jail and further treatment in a residential mental health program. Johnson stated that he desired specialized medical and nutritional treatment which was unavailable in prison. He claimed this treatment, including large doses of vitamins, was necessary to help him overcome his drug dependence and other health problems. The court revoked Johnson's probation and sentenced him on the original robbery conviction to imprisonment for a maximum of 20 years.

■ Johnson first claims that the court abused its discretion by revoking his probation. Johnson correctly recognizes the law in this state that revocation of probation is a decision within the discretion of the trial court. *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968); *State v. Kuhn,* 81 Wn.2d 648, 503 P.2d 1061 (1972); *State v. LaRoque,* 16 Wn. App. 808, 560 P.2d 1149 (1977); RCW 9.95.220, .230. An order to revoke probation should be affirmed if it is clear that the trial judge was reasonably satisfied that the terms of probation were violated. The evidence need not establish a violation beyond a reasonable doubt. *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *State v. Kuhn, supra; State v. Shannon,* 60 Wn.2d 883, 376 P.2d 646 (1962); *State v. Playter,* 12 Wn. App. 388, 531 P.2d 831 (1974). The record shows that Johnson's final violation was undisputed. It also indicates the basis of the court's decision. The appellate court should not substitute its discretion for that of the trial judge. *State v. LaRoque, supra.*

■ Johnson next claims that his sentence to the Division of Institutions of the Department of Social and Health

Services constitutes cruel and unusual punishment in violation of the eighth amendment to the United States Constitution. No authority cited by Johnson supports the contention that a prisoner has a constitutional right to rehabilitation. This is because there is none. A convicted and sentenced person has no fundamental right to rehabilitative treatment at public expense for psychological dependency on drugs. *Bresolin v. Morris,* 88 Wn.2d 167, 558 P.2d 1350 (1977); *State v. Barnett,* 17 Wn. App. 53, 561 P.2d 234 (1977). Rehabilitation may well be a goal; it is not a fundamental right. *Bresolin v. Morris, supra.*

Johnson asserts that drug addiction is an illness which requires special treatment, and that commitment to prison is neither an adequate nor productive response. *Robinson v. California,* 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962). He misses the point, as explained by this court in *State v. Barnett, supra* at page 55:

> [W]hile the law does not criminalize the status of drug addiction, society can utilize punishment to protect itself from those who commit crimes to support their addiction to the use of narcotic drugs.

■ A particular punishment is unconstitutionally cruel and unusual if,

> in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness.

*State v. Gibson,* 16 Wn. App. 119, 125, 553 P.2d 131 (1976); *State v. LaRoque, supra.* In this case the crime was robbery. The punishment was imprisonment for a maximum of 20 years and a recommended minimum of 3 years. In view of the seriousness of the offense, the punishment is not unfair nor so disproportionate as to shock the general conscience, and is, therefore, not cruel and unusual. *State v. LaRoque, supra.*

Finally, at oral argument, counsel for Johnson admitted that there was virtually no authority for his position, stating that he based his argument primarily upon "gut–level

reaction". Such is not clay from which appellate practice is fashioned. We agree with the State that the appeal is frivolous and affirm the trial court.

JAMES, C.J., and WILLIAMS, J., concur.