[No. 11807-2-I.   Division One.   July 12, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES D. BENNETT, *Appellant.*

*Baker, Lane & Rothschild* and *Lawrence F. Baker,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Chappel, Deputy,* for respondent.

CORBETT, J.—Defendant, James D. Bennett, appeals the order revoking his probation and imposing judgment and sentence. We affirm.

Defendant pleaded guilty to statutory rape in the third degree. At the time of sentencing, the trial court had before it a presentence report and two professional evaluations of the defendant's condition as a sex offender. The reports agreed that the defendant was a long–term heterosexual pedophile. The trial court deferred the imposition of sentence, conditioned in part upon:

> 5. The Defendant shall enter and complete the 90 day observation period in the sexual psychopathy program at Western State Hospital and comply with recommendations made for treatment at the end of the observation period, completing any such program successfully.

After serving some time in jail, the defendant was sent to Western State Hospital for observation. The hospital returned the defendant to the court with a diagnosis that he was a sexual psychopath. The court ordered the defendant returned to the hospital to determine whether he was amenable to treatment. The hospital again returned the defendant to the trial court with the diagnosis that he was a sexual psychopath (paraphilia, pedophilia), was not safe to be at large and was not amenable to treatment at Western State Hospital. The hospital made no recommendation for further treatment. As a result of the hospital report, the State filed a probation revocation petition alleging:

That the defendant has failed to successfully complete the Sex Offender Program at Western State Hospital, as reported in a letter dated 22 February 1982 from Western State Hospital.

The trial court held a probation revocation hearing, at which it entered an order which clarified the original probation conditions:

The defendant shall enter and successfully complete a sexual offender treatment program as approved by the court. . . .

. . .

The defendant shall be evaluated by either Althena, . . . Northwest Treatment Associates, or Pacific Psychological Services.

Defendant objected to the modification, asserting that he had satisfied the original conditions of probation by completing the observation period at Western State Hospital.

At an additional hearing, the court considered a report from Althena and concluded that the defendant was not amenable to treatment. The hearing was continued at defendant's request for further evaluation by another psychiatrist. It was subsequently reported to the court that the defendant's denial of sexual psychopathy prevented treatment. Following these reports, the trial court revoked probation and imposed sentence.

Defendant contends that the trial court erred by modifying the original probation conditions without finding a violation of the existing conditions, and further erred by revoking probation when the defendant was in compliance with the conditions of his probation. We disagree.

The court has discretion to grant a deferred sentence and probation "upon such terms and conditions as it shall determine." RCW 9.95.210. The sentencing court has the authority to modify or change the conditions of probation at any time during the course of probation. RCW 9.95.230. Granting, modifying or revoking probation is within the sound discretion of the trial court. *State v. Lumley,* 19 Wn. App. 839, 840, 577 P.2d 989 (1978); *State v. Kuhn,* 81 Wn.2d 648, 650, 503 P.2d 1061 (1972).

Requiring a defendant to undergo psychiatric treatment is a common condition of probation and is generally considered to be reasonable. *State v. Osborn,* 87 Wn.2d 161, 165–66, 550 P.2d 513 (1976). Similarly, the trial court may condition the grant of probation upon the defendant's voluntary admission to and successful completion of a treatment program for sexual offenders.

When the court entered the modification order, it emphasized that the initial grant of probation was grounded on the assumption that the defendant would receive psychiatric treatment. Where an implied condition of probation cannot be met because of subsequent events, and that condition was the essential assumption underlying the grant of probation, the court may revoke probation. *State v. Giraud,* 68 Wn.2d 176, 179, 412 P.2d 104 (1966). In the alternative, the court may modify the probation order to make such a condition explicit, as was done in this case. The court did not err in entering the order modifying probation.

■ Relying on cases from other jurisdictions, the defendant argues that revocation was improper because he lacked the requisite intent to violate the conditions of probation. *See Humphrey v. State,* 290 Md. 164, 428 A.2d 440 (1981). These cases apply a fault standard in determining whether a "violation" has occurred. However, in situations where unintentional violation of the probation conditions occurs, an analysis based on fault is not always appropriate. *Judicial Discretion and the Problem of the Mentally Ill Probation Violator,* 5 U.C.L.A.–Alaska L. Rev. 284, 295–97 (1976). A good faith attempt to comply with conditions of probation must be distinguished from a violation of conditions which relate to the defendant's potential for rehabilitation. This reasoning has been applied in revocation proceedings involving alcoholics, *State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968); the mentally ill, *United States v. Manfredonia,* 341 F. Supp. 790 (S.D.N.Y.), *aff'd,* 459 F.2d 1392 (2d Cir.), *cert. denied,* 409 U.S. 851, 34 L. Ed. 2d 93, 93 S. Ct. 61 (1972); and heroin addicts, *State v. LaRoque,*

16 Wn. App. 808, 560 P.2d 1149 (1977). *See also State v. Johnson,* 29 Wn. App. 638, 630 P.2d 448 (1981). In this case, the court concluded that the condition that the defendant receive treatment could not be fulfilled. The court further concluded that the defendant was a sexual psychopath, was not amenable to treatment, and presented a danger to the community. Under these circumstances, the court properly found the defendant failed to comply with the conditions of probation and revoked the probation.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied September 7, 1983.

Review denied by Supreme Court November 18, 1983.