[No. 21896–4–I.   Division One.   July 24, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ESTHER HORTON, *Petitioner.*

*Suzanne Lee Elliott* of *Associated Counsel for the Accused,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Jeffrey Smith* and *Scott Jackson, Deputies,* for respondent.

WEBSTER, J.—Esther Horton violated an order for protection under the Domestic Violence Prevention Act. She was convicted on two counts by the District Court under RCW 26.50.110(1). The Superior Court dismissed one for a lack of evidence and affirmed the remaining conviction, rejecting Horton's argument that the act violates equal protection. Horton contends the act gives prosecutors discretion to charge violations as misdemeanors, punishable by a maximum of 90 days in jail, or as contempt, punishable by 6 months' imprisonment. Former RCW 7.20.020.

EQUAL PROTECTION

A statute which gives prosecutors discretion to charge either a felony or misdemeanor for the same conduct violates equal protection and is invalid. *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). Horton relies on *Olsen* for the proposition that a statute is invalid if it gives prosecutors discretion to pursue criminal remedies having differing degrees of punishment.

Assuming this is a correct statement of the *Olsen* rule, it nevertheless does not require reversal of Horton's conviction. As she concedes, "it is constitutionally permissible to provide for civil or criminal penalties, or both, for the same act." *Yakima Cy. Clean Air Auth. v. Glascam Builders, Inc.,* 85 Wn.2d 255, 260, 534 P.2d 33 (1975); *State v. Ankney,* 53 Wn. App. 393, 766 P.2d 1131 (1989). Violation of an order for protection under the Domestic Violence Prevention Act is punishable as a misdemeanor and as contempt. RCW 26.50.110(1), (3). Criminal contempt under former RCW 9.23.010 is a misdemeanor, so it does not present an equal protection problem. "Coercive" contempt under former RCW 7.20.110 does not offend the equal protection clause because it is civil in nature. *See King v. Department of Social & Health Servs.,* 110 Wn.2d 793, 799–800, 756 P.2d 1303 (1988).

Nevertheless, Horton points to former RCW 7.20.020: "Every court . . . has power *to punish* contempt by fine or imprisonment . . . [S]uch fine shall not exceed three hundred dollars, nor the imprisonment *six months*". (Italics ours.) The quoted section appears punitive, because it is designed "to punish." *Accord,* former RCW 7.20.090. Also, the general contempt chapter contains an expressly coercive provision in former RCW 7.20.110:

> When the contempt consists in the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he shall have performed it . . .

Arguably, former RCW 7.20.020 would be superfluous if its purpose were not to punish.

On the other hand, the thrust of the general contempt chapter is to coerce, not to punish. *In re Salvesen,* 78 Wn.2d 41, 43, 469 P.2d 898 (1970). It has even been held that *any* imprisonment under former RCW 7.20 must retain a coercive character. *State v. Heiner,* 29 Wn. App. 193, 197, 627 P.2d 983 (reversing a fixed 6–month sentence under former RCW 7.20.020), *review denied,* 97 Wn.2d 1009 (1981):

> [T]he imposition of a fixed term of imprisonment pursuant to the civil contempt statute is improper where the contemnor is given no opportunity to purge the contempt through compliance.

Our Supreme Court has expressly adopted *Heiner. See State v. Browet, Inc.,* 103 Wn.2d 215, 217–18, 691 P.2d 571 (1984):

> RCW 7.20, the civil contempt statute, provides a mechanism to coerce defendants into compliance with court orders. . . . This statute has been interpreted to allow only indeterminate sentences, never solely punitive, fixed jail terms. *State v. Heiner,* 29 Wn. App. 193, 627 P.2d 983 (1981). We affirm that interpretation of the statute.
>
> . . . RCW 7.20, the civil contempt statute, . . . is strictly coercive or remedial.

As such, former RCW 7.20.020 is civil in character, and poses no equal protection problem. *See Yakima Cy. Clean Air; State v. Ankney, supra.*

Horton also points to the inherent power of constitutional courts to punish contempt. This is not an offense the prosecutor can charge, so it does not fall under the *Olsen* rule. Also, contempt under this power is coercive; it lasts until the contemnor "has purged himself of contempt by his subsequent conduct and attitude." *Keller v. Keller,* 52 Wn.2d 84, 91, 323 P.2d 231 (1958). Because it is coercive, or civil in character, its possible imposition does not violate equal protection. More obviously, the possibility of contempt under a court's inherent power does not threaten

equal protection because courts have no authority to use that power in violation of constitutional rights. *See Mead Sch. Dist. 354 v. Mead Educ. Ass'n,* 85 Wn.2d 278, 285, 534 P.2d 561 (1975).

We affirm. The Domestic Violence Prevention Act does not give prosecutors discretion to charge criminal offenses with differing punishments.

COLEMAN, C.J., and REVELLE, J. Pro Tem., concur.