[No. 13587-0-III.   Division Three.   March 28, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. KODE RANDY RUSHING, *Appellant*.

*Keith W. Howard,* for appellant.

*Steven M. Clem, Prosecuting Attorney,* and *Eric C. Biggar, Deputy,* for respondent.

THOMPSON, C.J. — Kode Randy Rushing appeals his conviction for driving while intoxicated (DWI). RCW 46.61.502. He contends the filing of DWI charges in superior court, instead of district court, deprived him of equal protection because deferred prosecution is available in district court, but unavailable in superior court. We affirm.

Mr. Rushing was stopped by police on June 24, 1993. Two BAC Verifier DataMaster tests were administered. Both showed a blood alcohol level of .23 percent. On June 29, an information was filed in Douglas County Superior Court charging Mr. Rushing with attempting to elude a pursuing police vehicle, RCW 46.61.024, a felony. At that time, no DWI charges were filed.

In plea negotiations, the prosecutor offered not to file the DWI charge if Mr. Rushing pleaded guilty to the felony he was charged with. Negotiations failed and the State moved to amend its information to include the DWI charge. The State's motion was granted.

Mr. Rushing filed a petition for deferred prosecution. The trial court denied the motion, citing *State v. Hayes,* 37 Wn.

App. 786, 683 P.2d 237, *review denied*, 102 Wn.2d 1008 (1984).[1] Both charges went to the jury. Mr. Rushing was found guilty of driving while intoxicated, but not guilty of attempting to elude a police vehicle.

## CONTENTIONS

Mr. Rushing contends the "vast majority, if not all other persons charged with DWI in Douglas County, had the option to petition for a deferred prosecution". According to Mr. Rushing, the prosecutor intentionally denied him the right to deferred prosecution by filing DWI charges in superior court. He contends such discretion deprived him of equal protection. He cites *State v. Horton*, 54 Wn. App. 837, 776 P.2d 703 (1989), *Kennewick v. Fountain,* 116 Wn.2d 189, 802 P.2d 1371 (1991), and *State v. Handley*, 115 Wn.2d 275, 796 P.2d 1266 (1990).

The State contends the same fact pattern gave rise to both charges against Mr. Rushing and he fails to distinguish between persons charged simply with DWI and those charged with felony attempting to elude and DWI. The former are not similarly situated with the latter and unless a defendant can show that he or she is similarly situated with others, there is no equal protection scrutiny. *Handley*, at 290. The State also contends a defendant has no constitutional right to choose penalties. *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979); *Kennewick.*

## NO EQUAL PROTECTION SCRUTINY

██ Under the equal protection clause of the Fourteenth Amendment and article 1, section 12 of Washington's Constitution, persons similarly situated with respect to the legitimate purpose of the law must receive like treatment. *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). Where physical liberty alone is implicated, the rational basis test applies. *Coria*, at 171. That is, the classification must achieve a legitimate state objective if it is to survive equal protection scru-

---

[1]*Hayes* held superior courts do not have the statutory authority or the inherent authority to permit deferred prosecution for persons charged with misdemeanors (RCW 10.05).

tiny. *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 431, 799 P.2d 235 (1990).

District court and superior court have concurrent jurisdiction over misdemeanors and gross misdemeanors. RCW 3.66.060;[2] RCW 2.08.010.[3] Mr. Rushing does not contend the statutory grant of concurrent jurisdiction when combined with RCW 10.05.010,[4] the statute governing deferred prosecution, is unconstitutional on its face. He contends the pertinent provisions of RCW 10.05.010, RCW 3.66.060 and RCW 2.08.010 are valid, but were used in a discriminatory way by the prosecutor. Specifically, he challenges the prosecutor's decision to file the DWI charge in superior court. He argues that he was "singled out".

■ A valid law, administered in a manner that unjustly discriminates between similarly situated persons, violates equal protection. *Handley*, at 289 (citing *Stone v. Chelan Cy. Sheriff's Dep't*, 110 Wn.2d 806, 811, 756 P.2d 736 (1988)). However, Mr. Rushing submits no evidence to support his assertion that the "vast majority, if not all other persons charged with DWI in Douglas County, had the option to petition for a deferred prosecution." Further, Mr. Rushing is a member of a class charged with both a felony and a DWI, which charges arose out of the same incident. He submits no evidence, nor does he make the assertion, that others charged with DWI and a related felony were prosecuted for the DWI in district court, and for the felony in superior court. A criminal defendant claiming an equal protection violation must establish that he or she is similarly situated with other persons or a court will not engage in equal protection scrutiny. *Handley*, at 289-90. To establish a similar situation, there

---

[2]RCW 3.66.060 provides: "The district court shall have jurisdiction: (1) Concurrent with the superior court of all misdemeanors and gross misdemeanors committed in their respective counties and of all violations of city ordinances."

[3]RCW 2.08.010 provides: "The superior court shall have original jurisdiction in all cases in equity . . . and in all cases of misdemeanor not otherwise provided for by law".

[4]RCW 10.05.010 provides: "In a court of limited jurisdiction a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program."

must be "near identical participation in the same set of criminal circumstances . . .". *Handley*, at 290.

■ Even if Mr. Rushing had established his membership in a class, there was a rational basis for filing the DWI charges in superior court. *Handley*, at 290. Trying the DWI charge with the felony eluding charge fostered judicial economy by avoiding the need for two trials.[5]

■ The prosecutor's offer to withhold filing the DWI charge in return for a guilty plea on the felony was permissible negotiation. *State v. Lee*, 87 Wn.2d 932, 558 P.2d 236 (1976); *State v. Swindell*, 93 Wn.2d 192, 198, 607 P.2d 852 (1980). By amending the information to include the DWI charge when negotiations failed, the State was not predetermining Mr. Rushing's ultimate criminal sanctions. *Kennewick*, at 193; *Batchelder*, at 125. *See also State v. Young*, 83 Wn.2d 937, 523 P.2d 934 (1974) (State's right to file gross misdemeanor charges in either justice court or superior court resulting in the possibility of two trials de novo for some defendants, but not others, did not deny defendant equal protection). We reject Mr. Rushing's contention that he was denied equal protection.

We affirm.

MUNSON and SCHULTHEIS, JJ., concur.

---

[5]The State also contends filing both charges in superior court eliminated any possibility that Mr. Rushing would plead guilty to the DWI before trial of the felony and create a potential double jeopardy argument. However, eluding a police officer and DWI are not the same offense for purposes of double jeopardy because the State is not required to prove a defendant was driving while intoxicated in order to prove he was eluding a police vehicle and vice versa. In making the determination, the recently restored *Blockburger* rule and Washington's "same evidence" test are similar. *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932); *State v. Calle*, 125 Wn.2d 769, 888 P.2d 155 (1995). That is, where the same act constitutes a violation of two distinct statutes, but each statute requires proof of a fact which the other does not, there are two offenses, not one. *Blockburger*, at 304; *Calle*, at 777-78.