[No. 28262-3-II.   Division Two.   April 1, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. SETH C. LITTLE, *Appellant*.

---

[12] The mother's parental rights have already been terminated.

*Brett W. Ballew*, for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Gerald R. Fuller, Deputy*, for respondent.

HUNT, C.J. — Seth C. Little appeals the trial court's denial of his motion to dismiss an information charging him with unlawful possession of a controlled substance. He argues that the lack of a drug court in Grays Harbor County denied him equal protection of the law. We disagree and affirm.

## FACTS

Having been charged with unlawful possession of a controlled substance (methamphetamine), Little asked the Grays Harbor Superior Court either (1) to provide him with access to a drug court program, which Grays Harbor County does not have; or (2) to dismiss the information with prejudice because the lack of a drug court program violated his right to equal protection. The trial court denied Little's motion and, following a bench trial on stipulated facts, convicted him as charged.

## ANALYSIS

In 1999, the legislature enacted RCW 2.28.170, which enables counties to establish drug courts. It provides in pertinent part as follows:

> (1) Counties *may* establish and operate drug courts.
>
> (2) For the purposes of this section, "drug court" means a court that has special calendars or dockets designed to achieve a reduction in recidivism and substance abuse among nonviolent, substance abusing offenders by increasing their likelihood for successful rehabilitation through early, continuous, and

intense judicially supervised treatment; mandatory periodic drug testing; and the use of appropriate sanctions and other rehabilitation services.

RCW 2.28.170 (emphasis added). At the time of Little's trial and sentencing, Grays Harbor County had not established a drug court.

## I. STRICT SCRUTINY

Little argues that the lack of a drug court program in Grays Harbor County deprived him of his right to equal protection of the law because similarly situated drug offenders in other counties have access to drug courts. He further contends that we should apply the strict scrutiny standard of review because felony convictions result in a loss of fundamental civil rights.

The substantially identical equal protection clauses of United States Constitution, amendment XIV, section 1, and Washington Constitution, article I, section 12, require that "persons similarly situated with respect to the legitimate purpose of the law be similarly treated." *State v. Shawn P.*, 122 Wn.2d 553, 559-60, 859 P.2d 1220 (1993). Little advances the strict scrutiny standard, which applies when the allegedly discriminatory classification impacts a suspect class or infringes a fundamental right. *Tunstall ex rel. Tunstall v. Bergeson*, 141 Wn.2d 201, 226, 5 P.3d 691 (2000), *cert. denied*, 532 U.S. 920 (2001); *Shawn P.*, 122 Wn.2d at 560. But such is not the case here.

First, Little has not shown a government-established discriminatory classification. The drug court enabling statute, RCW 2.28.170, does not create classifications; nor, as Little contends, does the statute create a "court" to which all state citizens have a right of access. Use of the discretionary verb "may" means that the statute empowers counties to create drug courts *if they so choose*; nowhere does the statute, or any other law to our knowledge, *require* a county to establish a drug court. *See* RCW 2.28.170. Instead, the statute prescribes minimal requirements for a drug court should a county choose to establish

one, while leaving the form of the program largely to the discretion of the individual counties.

Second, there has been no showing that the Grays Harbor County Superior Court or prosecuting attorney created separate classifications of alleged drug offenders, some with access to drug court and some without. On the contrary, no defendants charged with drug-related crimes had access to a drug court program in Grays Harbor County at the time of Little's prosecution. In short, Little was treated no differently than other similarly situated drug offenders in that county. And he does not establish a violation of his right to equal protection of the law by asserting that he might have been eligible for drug court had he committed his offense in a different county with an operational drug court.

In conclusion, Little has not shown that he is part of a similarly situated class being treated differently so as to trigger equal protection analysis here. *See State v. Handley*, 115 Wn.2d 275, 290, 796 P.2d 1266 (1990) (defendant must establish membership in a class before court will engage in equal protection scrutiny); *State v. Rushing*, 77 Wn. App. 356, 358, 890 P.2d 1077 (1995). There is no suspect class at issue here such as race, alienage, or national origin. *State v. Schaaf*, 109 Wn.2d 1, 18, 743 P.2d 240 (1987). Committing a drug crime in a smaller county or one with limited financial resources, as compared to committing a drug crime in a large or resource-rich county, is not such a suspect classification; rather, it is not a classification for equal protection purposes at all.

## II. RATIONAL BASIS

■■ Little is correct that drug defendants in counties with drug court diversion programs have the opportunity to avoid a felony postconviction loss of fundamental rights by successfully completing such a program, an opportunity

that he does not have in Grays Harbor County.[1] The goal of drug courts, however, is treatment.[2] But there is no fundamental right to treatment, in lieu of prosecution, once a person has violated the law. *See State v. Johnson*, 29 Wn. App. 638, 641, 630 P.2d 448 (1981) (rehabilitation is a goal but not a fundamental right); *State v. Barnett*, 17 Wn. App. 53, 55, 561 P.2d 234 (1977).[3] Thus, equal protection analysis is more appropriate under the rational relationship standard. *See Shawn P.*, 122 Wn.2d at 560.

Under the rational relationship test, "the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives." *Shawn P.*, 122 Wn.2d at 561. *See also State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997). The challenger must also do more than challenge the wisdom of the legislative classification; he must "show conclusively that the classification is purely arbitrary." *Shawn P.*, 122 Wn.2d at 561.

In passing RCW 2.28.170, the "legislature recognize[d] the utility of drug court programs in reducing recidivism and assisting the courts by diverting potential offenders from the normal course of criminal trial proceedings." LAWS OF 1999, ch. 197, § 7. Little does not dispute that this purpose is a legitimate state objective. Rather, he contends that by failing to require all counties to establish drug courts, the statute has created two classifications: counties with drug courts and counties without. Thus, the alleged equal protection issue is whether this so-called legislative

---

[1] *See State v. Warren*, 96 Wn. App. 306, 308, 979 P.2d 915, 989 P.2d 587 (1999) (successful completion of Pierce County's drug court program results in dismissal of pending charge).

[2] *State v. Sell*, 110 Wn. App. 741, 747, 43 P.3d 1246 (deferred prosecution is a preconviction program designed to encourage treatment and to allow a person to avoid a conviction), *review denied*, 147 Wn.2d 1016 (2002); *City of Kent v. Jenkins*, 99 Wn. App. 287, 290, 992 P.2d 1045, *review denied*, 141 Wn.2d 1007 (2000).

[3] Little also asserts that the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, supports his equal protection claim. But RCW 2.28.170 is not part of the SRA and, as we have noted above, Little has no fundamental right to rehabilitation or treatment instead of prosecution. *See Johnson*, 29 Wn. App. at 641; *Barnett*, 17 Wn. App. at 55.

classification is rationally related to the legislation's purpose. *See Shawn P.*, 122 Wn.2d at 563.

First, as we noted earlier, RCW 2.28.170 does not create classifications. Thus, our inquiry could end here. Nonetheless, to answer Little's argument more directly, we are aware of no law mandating drug courts in all counties, especially when there is limited funding available. Rather, the "rational basis test requires only that the statute's means is rationally related to its goal, not that the means is the best way of achieving that goal." *State v. Coria*, 120 Wn.2d 156, 173, 839 P.2d 890 (1992). *See also Manussier*, 129 Wn.2d at 673.

Moreover, "equal protection does not require that a state choose between attacking every aspect of a problem and not attacking the problem at all." *State v. Kent*, 87 Wn.2d 103, 111, 549 P.2d 721 (1976). "The legislature has the discretion not to deal with an evil or class of evils all within the scope of one enactment, but to approach the problem piecemeal and learn from experience." *Kent*, 87 Wn.2d at 111. *See also Simpson v. State*, 26 Wn. App. 687, 694, 615 P.2d 1297, *review denied*, 94 Wn.2d 1022 (1980).

Little has failed to show why it is irrational for the legislature, faced with a relatively new program and limited resources, to choose to permit drug courts on a county-by-county basis rather than to mandate a statewide program. Nor has Little made any showing of purposeful discriminatory intent. *See Coria*, 120 Wn.2d at 175 (" 'It is well established that a showing of discriminatory intent or purpose is required to establish a valid equal protection claim.' ") (quoting *United States v. Crew*, 916 F.2d 980, 984 (5th Cir. 1990)).

Little has failed to carry his heavy burden of establishing an equal protection violation. The legislature acted rationally in approaching the pervasive illegal drug use problem in a piecemeal fashion, rather than not acting at all, and in learning from the experience of counties that choose to implement drug courts. Accordingly, we hold that the trial

court properly denied Little's motion to dismiss the information with prejudice.

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Review denied at 150 Wn.2d 1019 (2003).