**NOT FOR PUBLICATION**



# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VLADIK BYKOV, | No. 18-35121 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00713-JCC |
| v. | |
| STEVEN G. ROSEN, and his marital community; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 9, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Vladik Bykov appeals pro se from the district court's orders denying leave

to amend, striking parts of his Second Amended Complaint, and declining

supplemental jurisdiction over his remaining state-law claims. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision to deny leave to amend, *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019), strike matter under Rule 12(f), *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000), and decline jurisdiction over supplemental state-law claims once the federal claims have been dismissed, *Tritchler v. Cty. of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004). We affirm. Because the parties are familiar with the history of the case, we need not recount it here.

## I

The *Rooker-Feldman* doctrine does not bar jurisdiction because Bykov does not seek to overturn or vacate the state court's orders. *See Noel v. Hall*, 341 F.3d 1148, 1162 (9th Cir. 2003) (explaining that the *Rooker-Feldman* doctrine bars jurisdiction when a "plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgement of that court").

## II

The district court did not abuse its discretion by denying Bykov leave to amend his discrimination claims under Title II of the Americans with Disabilities Act of 1990 ("ADA") and the Washington Law Against Discrimination ("WLAD") against Judge Rosen and Officer Rogers because they are protected by judicial and

quasi-judicial immunity, respectively. *See Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts."); *Lutheran Day Care v. Snohomish Cty.*, 829 P.2d 746, 750 (Wash. 1992) ("Quasi-judicial immunity attaches to persons or entities who perform functions that are so comparable to those performed by judges that it is felt they should share the judge's absolute immunity while carrying out those functions.").

## III

The district court did not abuse its discretion by denying Bykov leave to amend his constitutional right-to-medical-privacy claim against the City of Seattle because Judge Rosen and Officer Rogers acted legally when they requested Bykov's medical records and ordered that he be incarcerated for failure to comply. *See United States v. Lopez*, 258 F.3d 1053, 1055–56 (9th Cir. 2001) (holding that a "condition requiring participation in a mental health program is a routine . . . condition of supervised release."); *State v. Bennett*, 666 P.2d 390, 391 (Wash. Ct. App. 1983) ("Requiring a defendant to undergo psychiatric treatment is a common condition of probation and is generally considered to be reasonable."). Thus, any official policy or custom requiring such conduct would also be permissible.

## IV

The district court did not abuse its discretion by denying Bykov leave to amend his discrimination claims under the ADA and WLAD against the City of Seattle because any allegation Bykov could make alleging discrimination would directly contradict the judicially-noticed records showing probationary motives on behalf of Judge Rosen and Officer Rogers—not discriminatory ones. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (holding that a court may deny leave to amend where amendment would be futile).

V

The district court did not abuse its discretion by striking claims in Bykov's Second Amended Complaint that contravened its previous order granting Bykov leave to amend as long as his allegations did not contradict the judicially-noticed records. *See Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 559–60 (9th Cir. 2009) (affirming decision to strike claims under Rule 12(f) because they "exceeded the bounds of the limited intervention granted").

VI

The district court did not abuse its discretion by declining supplemental jurisdiction over the remaining state-law claims (legal malpractice claims) because resolution of these claims will predominately involve the application of state law. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual

case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**AFFIRMED.**