[Nos. 16914–9–I; 18305–2–I; Division One. December 22, 1986.] 18306–1–I; 19035–1–I.

THE STATE OF WASHINGTON, *Respondent,* v. MARK ANTHONY JOHNSON, *Appellant.*

*In the Matter of the Personal Restraint of* MARK ANTHONY JOHNSON, *Petitioner.*

---

[3]Hansen was sentenced prior to the repeal of this statute on July 1, 1984.

*Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

PER CURIAM.—Mark Anthony Johnson seeks accelerated review of the sentence imposed following his plea of guilty to two counts of second degree burglary. He has also filed a personal restraint petition challenging three prior convictions. The two proceedings have been consolidated for consideration.

Johnson's sentence to two terms of 45 months to run concurrently was based, in part, on his prior convictions, which resulted in an offender score of 8. He argues that his 1972 burglary conviction and his 1975 robbery conviction should not have been used in calculating the offender score because, in a 1981 habitual criminal proceeding, the court found that the State had failed to prove that the guilty pleas, which formed the bases for these convictions, were constitutionally valid beyond a reasonable doubt. The trial court in this case held that the doctrine of collateral estoppel did not preclude the use of the 1972 and 1975 convictions in determining Johnson's offender score. It did, however, resentence Johnson to 35 months on each count to run concurrently, based on an agreed correction to Johnson's criminal history.

In a proceeding under the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, the State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. *State v. Ammons,* 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986). "However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered." *Ammons,* at 187. A defendant must use "established avenues of challenge provided for post–conviction relief" to determine the constitutional validity of any prior convictions. *Ammons,* at 188.

Johnson contends that the determination of the trial judge in the 1981 habitual criminal proceeding that the State had failed to establish beyond a reasonable doubt the validity of the 1972 and 1975 convictions is sufficient under *Ammons* to preclude their use in his current sentencing.

We do not agree. A constitutional attack on a guilty plea in a habitual criminal proceeding is neither collateral nor retroactive. *State v. Frederick,* 100 Wn.2d 550, 555 n.2, 674 P.2d 136 (1983); *State v. Rinier,* 93 Wn.2d 309, 315, 609 P.2d 1358 (1980). Instead, it is a challenge to the present use of an invalid plea in a present sentencing proceeding. *State v. Holsworth,* 93 Wn.2d 148, 154, 160, 607 P.2d 845 (1980). In the 1981 habitual criminal proceeding the court did not make an affirmative finding that the defendant was not advised of his rights. Rather, the court found that the record was "devoid" of evidence that Johnson was aware of his rights when the prior pleas were taken; the court did not make a determination of constitutional invalidity, only that the State had failed to produce any evidence to meet its burden of proof for the purposes of that case. Because there was no decision on the merits, the *Ammons* requirement of a prior determination was not met. The sentencing court did not err in using the 1972 and 1975 convictions in arriving at Johnson's offender score.

Johnson also contends that the State is prevented from using the convictions because of collateral estoppel which prevents a second litigation of issues between the parties, *Seattle–First Nat'l Bank v. Kawachi,* 91 Wn.2d 223, 225–26, 588 P.2d 725 (1978), and is applicable in criminal as well as civil actions. *Ashe v. Swenson,* 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970); *State v. Peele,* 75 Wn.2d 28, 30, 448 P.2d 923 (1968).

> The requirements for application of collateral estoppel are: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *Rains v. State,* 100 Wn.2d 660, 674 P.2d 165 (1984).

*Malland v. Department of Retirement Sys.,* 103 Wn.2d 484, 489, 694 P.2d 16 (1985). *Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 927, 615 P.2d 1316 (1980). The

issue in the habitual criminal proceeding was whether the State had met its burden of proving, beyond a reasonable doubt, the constitutional validity of the prior guilty pleas. As seen, the court found only that the State had failed to meet its burden; there was no determination that the guilty pleas were, in fact, unconstitutionally obtained. Because the issues raised in the two proceedings are not identical, and because the proceedings achieved different purposes, collateral estoppel does not apply and the trial court was not bound by the judgment entered in the habitual criminal proceeding.

As there has been no showing that the guilty pleas are unconstitutional on their face, *Ammons* at 188–89, and prior convictions may not be attacked at the time of sentencing, *Ammons* at 188, collateral attack is the only appropriate method of challenging the use of prior convictions in this SRA proceeding. *Ammons,* at 188. Therefore, Johnson's personal restraint petition must be considered.

 In that petition, Johnson argues that his guilty pleas in King County cause numbers 58643 (November 11, 1971), 60182 (May 23, 1972), and 73115 (October 8, 1975) were constitutionally invalid and thus should not be used to increase his offender score. A personal restraint petition is a collateral attack on a conviction and not a substitute for an appeal. *In re Hagler,* 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). On collateral review, the burden is on the petitioner to establish that any constitutional error is not harmless, *i.e.,* that, more likely than not, he was actually prejudiced by the constitutional error. *In re Hews,* 99 Wn.2d 80, 89, 660 P.2d 263 (1983); *In re Hagler, supra* at 826.

 Cause No. 73115. Johnson claims his plea was not voluntary and thus invalid because he was not advised of his right to remain silent. This plea was taken when the "Statement of Defendant on Plea of Guilty" did not contain an express statement that a defendant had the right to remain silent, and there is no indication in the record that the court specifically advised Johnson of this right. The failure of the plea statement or the court to inform Johnson

of this right and to obtain an express waiver is not always determinative of the question whether the guilty plea is voluntary. *Wood v. Morris,* 87 Wn.2d 501, 508, 554 P.2d 1032 (1976) (in pre–1976 pleas, the State may establish voluntariness by extrinsic evidence). Johnson was advised by his attorney of his right and the attorney asserted at the plea hearing that Johnson understood his rights and was voluntarily waiving them. This is sufficient to sustain the guilty plea. *State v. Loux,* 24 Wn. App. 545, 604 P.2d 177 (1979). Johnson has failed to establish constitutional error at the taking of this plea. Even if there were error, he has failed to demonstrate that he has been actually prejudiced thereby. He is therefore not entitled to relief. *In re Hews, supra; In re Hagler, supra.*

Cause Nos. 60182 and 58643. The information in both these cases charged that Johnson, "with intent to commit a crime therein, willfully, unlawfully and feloniously did enter [a] dwelling . . . not owned nor lawfully occupied by said defendant, located at [King County, state of Washington]." Johnson claims the pleas contained neither a factual basis nor a statement of the elements of the offense because both plea statements provided only that Johnson pleaded guilty to the charge as "contained in the information."

A defendant must be advised of the nature of the offense and the requisite mental state. *In re Keene,* 95 Wn.2d 203, 207, 622 P.2d 360 (1980); *State v. Holsworth,* 93 Wn.2d at 153 n.3. When the information specifies the acts and mental state and a defendant pleads guilty to the crime as charged in the information, acknowledges receiving a copy of the information and assures the court that he has read the information and that it is true and correct, there is no constitutional error. *Keene,* at 208–09; *see In re Hilyard,* 39 Wn. App. 723, 725, 695 P.2d 596 (1985); *cf. In re Taylor,* 31 Wn. App. 254, 640 P.2d 737 (1982). Thus, Johnson's assertions in both plea statements that he received copies of the information and that he understood them was sufficient to meet the constitutional requirement. There was no constitutional error and Johnson has failed in his burden of

showing that he was more likely than not prejudiced by constitutional error and no relief can be granted. *In re Hews, supra.*

The judgment of the trial court is affirmed and the personal restraint petition is dismissed.

Review denied by Supreme Court March 31, 1987.