[No. 18382-6-I. Division One. March 25, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY D. MARSH, *Appellant*.

*Scott J. Engelhard* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *Michael Downes, Deputies,* for respondent.

PER CURIAM.—Roy D. Marsh moves to modify a commissioner's ruling denying his motion for accelerated review. We modify the commissioner's ruling, and reverse and remand for resentencing.

Marsh was convicted of second degree assault and bail jumping and sentenced to a term of 20 months. The sentence was based on an offender score of 4, including two 1981 juvenile convictions. The judgments and sentences offered to establish these two convictions indicated neither the presence of an attorney representing Marsh nor his waiver of counsel. At sentencing Marsh's attorney did not challenge the use of the convictions even after the court noted there was no specific waiver of counsel. In his motion for accelerated review pursuant to RAP 18.15, Marsh raises the issue of whether the convictions may be used to increase his offender score.[1]

Marsh argues that a conviction which does not show either representation of counsel or waiver is constitutionally invalid on its face and cannot be used to increase his offender score. *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796, *cert. denied,* ___ U.S. ___, 93 L. Ed. 2d 351, 107 S. Ct. 398 (1986).

Under the Sentencing Reform Act of 1981 (SRA) the State has the burden of establishing a defendant's criminal history by a preponderance of the evidence. RCW 9.94A-.110; *Ammons,* at 186. "Criminal history" is a list of a defendant's prior convictions and may include certain prior

---

[1]Because Marsh did not challenge the use of the juvenile convictions at sentencing, the State contends he may not bring the issue before this court for the first time on appeal. Where the State attempts to rely on convictions which are facially invalid, the issue is of constitutional magnitude, *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972), and may therefore be raised for the first time in this court. RAP 2.5(a).

juvenile convictions. RCW 9.94A.030(8)(b). The *Ammons* court held that

> a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered. . . . Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.

*Ammons,* at 187–88; *see United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967).

In *Burgett,* the Court held that a conviction which does not indicate either presence of counsel or waiver may not be used to enhance punishment. Burgett was convicted of assault with intent to murder; the State sought to enhance his sentence based on four prior convictions. There were two copies of one of the prior convictions offered, one of which stated that Burgett appeared "in proper person and without Counsel", the other of which stated that he appeared "in proper person" but did not contain the additional language "without counsel." The trial court did not admit the first version of the conviction, but allowed the second. The Supreme Court reversed, holding that the conviction must be excluded, as both versions of the judgment and sentence *on their face* raised a presumption that the defendant had been denied his right to counsel.

> Presuming waiver of counsel from a silent record is impermissible. *Carnley* v. *Cochran,* 369 U. S. 506. To permit a conviction obtained in violation of *Gideon* v. *Wainwright* [372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963)] to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

*Burgett,* at 114–15. The admission of such a prior conviction is "inherently prejudicial", *Burgett* at 115, and

294 Wn. App. 302, 730 P.2d 703 (1986).

requires remand if the convictions were used in sentencing. *See United States v. Tucker, supra* (convictions found invalid in prior collateral proceeding); *cf. State v. Johnson,* 46 Wn. App. 302, 730 P.2d 703 (1986).[2]

While acknowledging that a conviction based on a guilty plea in which the guilty plea form failed to show the elements of the crime charged or that defendant was aware of his right to remain silent may be unconstitutional, the court in *Ammons* held that it could be considered for sentencing because "[a] determination [of unconstitutionality] cannot be made from the face of the guilty plea form." *Ammons,* at 189. However, where the judgment and sentence itself does not reflect representation by counsel or waiver, it is deficient on its face. Without more, such a conviction does not meet the State's burden under *Ammons.*

This conclusion is supported by Professor Boerner, who states that because prior convictions do not increase the maximum penalty, they must be attacked in a collateral proceeding. He acknowledges, however, that collateral attack is not required when there is no representation or waiver.

> Of course, as established in *United States v. Tucker,* a conviction obtained in the absence of counsel or a valid waiver of counsel is "misinformation of constitutional magnitude" which may not be considered in the sentencing process. Such convictions are not "presumptively valid" and their use, in establishing the presumptive sentence range or for any other purpose, is unconstitutional.

(Footnotes omitted.) D. Boerner, *Sentencing in Washington* § 6.11(b), at 6–20 (1985).

██ Our holding is fully supported by *Ammons.* There, the court was asked to find a conviction invalid because the

---

[2]Nor can such convictions be used in habitual criminal proceedings. *See Haislip v. Morris,* 84 Wn.2d 106, 107, 524 P.2d 405 (1974); *State v. Knapp,* 14 Wn. App. 101, 540 P.2d 898 (1975); *State v. Montague,* 10 Wn. App. 911, 521 P.2d 64 (1974); *State v. Paul,* 8 Wn. App. 666, 508 P.2d 1033 (1973). "[A] prior conviction obtained in violation of a substantial constitutional right, such as the right to be represented by counsel, may not be used to enhance punishment for a subsequent crime." *State v. Thornton,* 24 Wn. App. 881, 884, 604 P.2d 1004 (1979).

guilty plea form did not indicate the elements of the crime charged or that the defendant was aware of his right to remain silent. The court held that a determination of unconstitutionality cannot be made from the face of a guilty plea form. The rule is different, however, where no representation or waiver thereof is shown on the face of the conviction. Such a conviction, "without further elaboration evidences infirmities of a constitutional magnitude", *Ammons,* at 188; *see Burgett; Tucker,* because of the presumption of invalidity and may not be relied upon to increase a defendant's offender score unless the State introduces other evidence.

The proffered convictions must be constitutionally valid on their face or the State must establish validity by evidence of record which shows that the defendant was either afforded or waived counsel. There is no requirement that the State establish a defendant's criminal history by only one document. For instance, the State in seeking to establish a defendant's criminal history by a preponderance of the evidence may introduce other documents of record, such as minute entries or file documents, which establish the presence or waiver of counsel. *See State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974) (where record includes file jacket indicating attorney of record, fact that judgment and sentence do not indicate representation or waiver not controlling). The State may also introduce a plea statement or the transcript of a plea hearing indicating the presence of defendant's attorney or that defendant waived counsel. Such documentary evidence of record does not violate the *Ammons* prohibition against collateral attack at the sentencing hearing, but instead allows the State to satisfy its burden of proving the defendant's criminal history by a preponderance of the evidence. Once the State successfully meets its burden of establishing that the defendant was represented by counsel or that the record reflects waiver, the defendant cannot challenge use of the conviction in sentencing. *Ammons,* at 188. He may, however, challenge it in a collateral proceeding. *Ammons,* at 188; *see In re Bush,*

26 Wn. App. 486, 497, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981).

Here, Marsh's juvenile convictions do not establish that he was either represented by counsel or that he waived counsel. Because the State did not introduce any other evidence, the court was in error in relying on them in setting Marsh's sentence.

Reversed and remanded.