[No. 15249-9-III.   Division Three.   August 20, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBBIE WILLIAM BURTON, *Appellant*.

*Hugh M. Spall, Jr.*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Bruce Hanify, Deputy*, for respondent.

SWEENEY, A.C.J. — Robbie Burton was convicted by jury of the first degree robbery of a Yakima bank and taking a motor vehicle without permission. The State invoked RCW 9.94A.120(4), the Persistent Offender Accountability Act (POAA, or three strikes rule). Mr. Burton challenged the validity of the two predicate first degree robbery convictions. The court rejected the challenges, and the jury found he was a persistent offender. He was sentenced to life without parole. The question presented is whether the sentencing court erred in admitting the prior convictions at the sentencing hearing. We conclude it did not and affirm.

## DISCUSSION

■ ■ The three strikes rule of the Sentencing Reform Act of 1981 requires that a persistent offender be sentenced to life without parole. RCW 9.94A.120(4). A persistent offender is one who has two prior "most serious" offense convictions. RCW 9.94A.030(23)(a).

A defendant generally may not contest the constitutional validity of a prior conviction during current sentencing proceedings. *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986);

*State v. Aronson*, 82 Wn. App. 762, 764, 919 P.2d 133 (1996). As explained in *Ammons*, trial courts should not be burdened with the sort of appellate review of prior convictions that was undertaken at Mr. Burton's sentencing. *Ammons*, 105 Wn.2d at 188.

Once the State establishes the existence of the two prior convictions by a preponderance of the evidence, it must prove the constitutional validity of only those convictions previously declared constitutionally invalid on their face. *State v. Manussier*, 129 Wn.2d 652, 682, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997). A conviction is "constitutionally invalid on its face" if, without further elaboration, it manifests infirmities of a constitutional magnitude. *Ammons*, 105 Wn.2d at 188. Not only must the plea forms be deficient, an affirmative showing must be made that constitutional safeguards were not provided. *Id*. at 188-89.

In *Ammons*, a defendant in a persistent offender adjudication challenged his prior judgments, sentences, and statements on plea of guilty. He asserted that the prior record failed to show he was aware of his right to remain silent and further failed to set forth the elements of the crime and the consequences of pleading guilty. Even acknowledging the possible validity of Mr. Ammons's argument that his prior guilty plea was unconstitutional, the court found that the determination could not be made from the face of the guilty plea form. The court concluded that the convictions could not, therefore, be challenged in the three strikes sentencing procedure. *Id*. at 189.

■■ Mr. Burton contends his two prior convictions on plea of guilty were facially unconstitutional and therefore did not support persistent offender status. In his *Gunwall*[1] analysis, he argues that due process requirements imposed by article I, section 3 of the Washington Constitution are more protective than those of the federal constitution. He is mistaken. The Washington Supreme Court has already

---

[1]*State v. Gunwall*, 106 Wn.2d 54, 61-63, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

established that substantive and procedural due process protections provided by article 1, section 3 are not broader than those provided by parallel federal constitutional provisions. *Manussier*, 129 Wn.2d at 679. Neither procedural nor substantive due process is violated by RCW 9.94A.120(4) (the three strikes rule). *Manussier* at 681. The state constitution is satisfied if the procedures set forth in RCW 9.94A.110 are followed in sentencing under RCW 9.94A.120(4). *Manussier* at 682. Those procedures were followed here.

So absent an affirmative showing at sentencing that his prior guilty pleas were entered in violation of his constitutional rights, Mr. Burton's sole remedy is to pursue post-conviction relief in the form of either a collateral challenge in the court in which the judgment was entered or a personal restraint petition under RAP 16.3. *Ammons*, 105 Wn.2d at 189. A personal restraint petition must show some actual infirmity in the conviction. *In re Personal Restraint of Harris*, 111 Wn.2d 691, 697, 763 P.2d 823 (1988), *cert. denied*, 490 U.S. 1075 (1989); *State v. Johnson*, 46 Wn. App. 302, 730 P.2d 703 (1986) (defendant's statement on plea of guilty did not contain an express statement of the right to remain silent, but conviction was not facially invalid), *review denied*, 108 Wn.2d 1005 (1987).

Mr. Burton attempts to distinguish *Ammons* on the ground it predates RCW 10.73.090, which imposes a one-year statute of limitations for collateral attack on a judgment. Mr. Burton's convictions are more than a year old. He argues that "alternative remedies" are presumed in *Ammons*. Again, he is mistaken. This issue is settled.

In *In re Personal Restraint of Runyan*, 121 Wn.2d 432, 449-50, 853 P.2d 424 (1993), one of the defendants, like Mr. Burton, asked the court to re-examine his prior pleas solely because the standardized form failed to explicitly include a constitutional right. Relying on *Ammons*, the court not only rejected the challenge to his prior convictions at the time of sentencing but also rejected his collateral attack because of the one-year statute. Explicit in

*Runyan* is a rejection of Mr. Burton's argument: The "very purpose of RCW 10.73.090 is to curtail exactly this type of delay in challenging convictions." *Runyan*, 121 Wn.2d at 450.

Here, the court was aware of Mr. Burton's prior written statements on plea of guilty. They were entered on a standard form in accord with CrR 4.2(g). And although they did not include an express waiver of the right to testify in his own defense, the court nevertheless concluded the pleas were not facially invalid. That finding is amply supported by the record. Report of Proceedings at 1101-05.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BROWN and KATO, JJ., concur.

Review denied at 137 Wn.2d 1017 (1999).