**Charles R. GARNER, Plaintiff–Appellant,**

**v.**

**CITY OF FEDERAL WAY, a municipality; et al., Defendants–Appellees.**

**No. 07–36022.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Charles R. Garner, Federal Way, WA, pro se.

R.App. P. 34(a)(2).

Aaron G. Walls, Esq., Federal Way City Attorney, Federal Way, WA, Jennifer D. Homer, Esq., Jerry J. Moberg, Esq., Jerry Moberg & Associates, Ephrata, WA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Charles R. Garner appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations in his appeal of building code violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sanchez v. Vild*, 891 F.2d 240, 241–42 (9th Cir.1989). We affirm.

The district court properly granted summary judgment on Garner's due process claims because he was provided with notice of the building code violations and with an opportunity to appeal. *See S.E.C. v. McCarthy*, 322 F.3d 650, 659 (9th Cir.2003) (stating that due process requires notice and an opportunity to be heard); *see also State v. Burton*, 92 Wash. App. 114, 960 P.2d 480, 482 (1998) ("[D]ue process protections provided by [Wash. Const. art. 1, § 3] are not broader than those provided by parallel federal constitutional provisions."). The district court properly granted summary judgment on Garner's failure to supervise claim because there was no underlying constitutional violation.

Garner's contention that the district court lacked subject matter jurisdiction lacks merit. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Garner may no longer challenge the timeliness of removal. *See* 28 U.S.C. 1447(c) (providing that a motion for remand for procedural irregularities in the removal must be filed within 30 days).

Garner's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

