MEMORANDUM **
Charles R. Garner appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging due process violations in his appeal of building-code violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989). We affirm.
The district court properly granted summary judgment on Garner’s due process claims because he was provided with notice of the building code violations and with an opportunity to appeal. See S.E.C. v. McCarthy, 322 F.3d 650, 659 (9th Cir.2003) (stating that due process requires notice and an opportunity to be heard); see also State v. Burton, 92 Wash. App. 114, 960 P.2d 480, 482 (1998) (“[D]ue process protections provided by [Wash. Const, art. 1, § 3] are not broader than those provided by parallel federal constitutional provisions.”). The district court properly granted summary judgment on Garner’s failure to supervise claim because there was no underlying constitutional violation.
Garner’s contention that the district court lacked subject matter jurisdietion lacks merit. See 28 U.S.C. § 1331 (“The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.”). Garner may no longer challenge the timeliness of removal. See 28 U.S.C. 1447(c) (providing that a motion for remand for procedural irregularities in the removal must be filed within 30 days).
Garner’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.